THIS is an action of trespass quare clausum fregit, and the plaintiff in error proved that he was in actual possession of the house and tenements in the declara, tion mentioned, when the defendant entered and put-him out, violently, and demolished the houses; that he, the plaintiff, married one of the female heirs of Robert Smith, who possessed said tenement, and died thereon in 1804, leaving the premises to his children, who were infants], and some of them continued so until the time of this trial; and he also produced a patent for the laud, dated in 1819. to said heirs.
The defendant, (who had pleaded “ not guilty,” with leave to give any matter in evidence which might have been specially pleaded,) to justify the trespass, gave in evidence an older patent to himself, dated the 23d May 1815, on a survey made on the 13th day of September 1814, on an entry dated the 17th of July 1783, in the name of John M’intire, on a Virginia, land.office treasury warrant. The plaintiff, to avoid the effect of this patent, offered said entry and survey in evidence, and also offered parol testimony to prove that John M’intire, who held said entry, was not within the saving of any of the statutes which authorised surveys to be made since November 1798, and that he did not reside within the County where the entry layy or appoint any agent therein, at any time since the *363 entry was made. The object of this testimony, as avowed by the plaintiff’s counsel, was, to lay a foundation for contending that the survey and patent of the defendant were void, under the act of assembly entitled “ añ act to revive and amend the law allowing longer time for receiving plats and certificates into the register’s office,” approved January 25th, 1811 — 4 Litt. L. K. 228. The court excluded this evidence, on the application of the defendant; to which opinion the plaintiff excepted, and the' jury having found a verdict against him, he has brought the cause before this court by writ of error, and rests on this point as sufficient to reverse the judgment.
2 Dig. 78*.
The last section of the act ofl811, respecting plats and certificates of .survey, requires that the entry should be made within the time prescribed by law, and the surveythereon executed, on or before the 29th day of November 1798; and a failure of either requisition, renders the patent void.
The act relied on, is one of great severity upon surveys not made in the time prescribed by law; and how extensive its operation may be, is not yet unfolded by legal adjudication, as this is the first case where a question under it, properly made, has presented itself to this court, as far as our recollection extends.
2. We have not thought it necessary to travel into the construction of the different provisions of this statute now, or critically to examine whether the patent of the defendant in error may or may not be affected by more provisions than one, which declare grants void; for we cannot doubt that his case, as shown by his patent and represented by the proof offered by the plaintiff, must come within the last section of the act. That section'declares, “ that nothing in this act shall give a right to any person or persons, who may receive their grant or grants for lands under the laws of Virginia, unless the survey or surveys oil which their grantor grants are founded, was made by virtue of an entry made with the proper officer, and within the time allowed by law for making such entry or entries;. and all grants not founded on an entry made within the. time allowed by law for making such entry or entries, and surveyed on or before the 29th November 1798, shall be void : Provided, however, nothing in this act shall prejudice the right, title, interest or claim of any infant or infants, femes covert, or of any person or persons of unsound mind, who may derive their right or rights to land, either from the laws of this commonwealth or from Virginia; but they, and every of them, shall have three years from and after their respective disabilities are removed, to perfect their *364 claims ; nevertheless, grants may issue to infants, oa their guardian or guardians’ complying with the requisitions of this act.”
This requisition applies to all claims whatever; but those which are ex pressly excepted in the proviso to that section.
Under this act, it is competent o the party whose rights are to be effected by such illegal patent, to travel behind the grant either in a court of law or equity, and show by evidence tnat the claimant was not within the exceptions of theacl, and that the patent is consequtnt. ly void.
*364 In construing this section, it is evident, that grants, to be good under it, must have two requisites, to wit: The entries on which they were founded must be made in the. time prescribed by law ; and secondly, the surveys must be made “ on or before the 29th day of November 1798.” If any grant lacked both, or either of these requisites, it must be void- Now, it is evident that the patent in this case wanted one of them. The survey was made long subsequent to the time pointed out in the act, and therefore came within both its letter and spirit. Besides, the exceptions from the general provision immediately follow; and.it is a rule, in the construction of statutes, that when there are exceptions made to a general provision, nothing else can be made an exception, but those cases which come Within the exceptions expressed, and therefore all other cases must be embraced.
Some questions may arise under this act, touching entries which had not been forfeited by the laws as they aforetime stood, and grants which had previously issued on surveys made subsequent to the 29th November 1798, whether, so far as the statute affects them, it might not be deemed contrary to the constitution, either of this state or the United States. But we have now no necessity of raising or deciding these questions; because, the plaintiff offered to show that the entry on which this patent was founded, had been previously forfeited by a failure to survey and return the plat and certificate, under the laws of Virginia, which gave birth to the claim. If the entry was in this situation, it is a matter of as much or more doubt, whether the legislature could revive it, so as to operate on the rights, of others, than whether they could declare void any giant which issued on a subsequent survey which might be made thereon.
S. is evident, that the legislature, by this whole act, intended, while they gave further time to return plats and certificates, to put ■an end to the effect of all surveys made since November 1798. except those held by infants, femes covert or persons of unsound mind, by enabling all persons whose rights were or might be affected by them, to travel behind the grant, either in *365 a court of law or equity, and show, by competent evidence, that the claim was not within the exceptions of the act, and that the patent was consequently void. In this case, the plaintiff and the ancestor of his wife had the possession of the land long before this survey was attempted ; and, from any thing that can be un derstood by the entry or survey, it was laid at a dis tance from the region pointed out in the entry, on the head of occupants on the soil. To save their interests and the interest of the public, if the land was vacant, was the avowed object of the act; and to prevent such appropriations, and then sanctifying them by a grant, was what the legislature intended.
The evidence thus offered, as it was calculated to show that the holder of the entry had no right to sur vey it, at the time the survey was made, and that he was not within the exceptions, and never did reside, and had no known agent residing within the county at the time pointed out by the previous statutes for. the purpose of saving the entry from forfeiture, was indubitably proper, and the court below erred in rejecting it, as it directly tended to destroy the defence of title relied on bv the defendant.
The judgment must, therefore, be reversed with costs, and the verdict set aside, with directions for new proceedings, not inconsistent with this opinion.