The Chief Justice

delivered the Opinion of the Court.
The only question in this case, is whether a patent issued on a survey made in 1814, on an entry made in 1780, is void for want of authority then to survey such an entry owned by a person who had resided since 1789, in the county in which the land lies.
It is our opinion that the sixth section of an act of 1811, (2 Stat.Law, 917,) applies to this case; and that therefore, as the holder of the entry was not protected by any of the disabilities prescribed by that enactment, his survey and patent were illegal and void.
Whatever might have been the constructive effect of the various statutes prolonging the time of surveying Virginia entries, we are satisfied that the Legislature especially, in 1797, when it passed the last act of indulgence, extending the time to the last of September, 1798, did not contemplate any other saving disability than those specified, in the act of 1797, and that is infancy, coverture, unsoundness of mind, and captivity,
The act of 1797 did not continue the provisions of the first act of 1785, (which had not required the owner of an entry who lived in the. county including his land, to survey his entry within a prescribed time, under the penalty of forfeiture,) but it simply gave the further time of ten months to all owners of Virginia entries to have them surveyed. And therefore, whatever may have been the. technical effect of this enactment of 1797, there can be but little, if any doubt, that the Legislature intended that no such entry should be surveyed after the 30th of September, 1798, unless the owner or owners of it labored under some one of the only disabilities prescribed by that act; and did not, of course, intend that all holders of entries who happened to reside in the county where the *421 entry had been made, should have an indefinite time for making their surveys.
Acting upon this understanding, the Legislature passed the sixth section of the act of 1811, declaring that “all grants not founded on an entry made within the “time allowed by law for making such entry or entries, “ and surveyed on or before the 29th of November, 1798, “ shall be void;” and saving, from the operation of the enactment, those only who labored under the disability of infancy, coverture, unsoundness of mind, or captivity.
Both the letter, and the policy of the enactment embraced all owners of Virginia entries, wherever they might reside, unless they came within one of the prescribed savings.
But it is argued that, as this Court had decided that none of the statutes prior to this of 1811, had been applicable to the owner of an entry residing in the county in which the entry was made, the owner in this case had a legal right to make his survey since 1798; and having such right the act of 1811 would have been unconstitutional and void as to him, had he made his survey before the date of that enactment, And that, therefore, we should presume that the Legislature did not intend to de nounce or prohibit surveys and grants since 1798 in such cases as his.
But, admitting that, if the survey in this case had been made before 1811, the sixth section of the enactment of that year could not have retroacted so as to invalidate it, yet the provision we have quoted is prospective as well as retrospective; and, in its prospective operation on a survey made nearly four years after its date, it was certainly not unconstitutional. We are satisfied that it was intended to apply to all Virginia entries, as far as the Legislature had the power to apply it, excepting only such cases as came within one of the only prescribed savings. And this seems to have been the opinion of our predecessors, in the case of Atchley vs. Latham, (2 Litt. Rep. 364.) In that case the Court said — “ It is evident that the Leg" islature, by this whole act, intended, while they gave “further time to return plats and certificates, to put an " end to the effect of all surveys made since November, *422 “1798, except those made by infants, femes covert, or “persons of unsound mind. ” And surely the policy of the act applied as well to a resident as to a nonresident of the county in which his entry had been made. If there should have been any discrimination between such persons, it should have been against the resident, who certainly had least excuse for a long protracted failure to perfect his initiate right to land which it was the interest and policy of our state to have appropriated and settled speedily, and in such a manner as to assure safety and repose to all bona fide occupants and claimants who had been vigilant and faithful. We cannot believe that, because an owner of an old Virginia entry has resided ever since sometime before 1798, in the county in which his location was made, therefore he has, even yet, an indefinite time for making his survey. But such would be the inconsistent and anomalous consequence of deciding that the act of 1811 cannot be applied to such a case prospectively.
It does, in our judgment, so operate effectually.
And therefore, as the Circuit Judge decided in this case, that the patent is void, the judgment of the court below is affirmed.