HENRY FIELD'S HEIRS, ET AL., *v.* HIRAM KLETE, ET AL.

LEWIS THOMPSON, ET AL., *v.* JAMES ARMSTRONG, ET AL.

No Estoppel by Purchase of Adverse Title.

When a party in possession claiming land as his own buys or recognizes an outstanding title, he will not be estopped to set up the title under which he entered against the other unless he has abandoned his possession under the title under which he entered.

Disability of Married Woman.

One holding real estate under an executed contract holds adversely to his vendor, and this is as true where the grantor is a married woman as where she is not.

Statute of Limitations.

When the statute of limitations has begun to run against a woman her subsequent marriage will not arrest its running, the rule being that if limitation begins to run its running will not be suspended by a subsequent disability which is self-imposed.

APPEAL FROM KENTON CIRCUIT COURT.

October 21, 1879.

OPINION BY JUDGE COFER:

There was evidence conducing to prove that Hiram Klete and Fred Klete, under whom he claims, were in possession of portions of the land in contest as early as 1818, and were leasing and selling portions of it as their own. Fred Klete devised portions of it in his will dated in 1833. He died in 1834. The prices paid to those of Field's devisees who conveyed their interests indicate that the title was then regarded as of but little value, and in connection with the great lapse of time between those purchases and these suits, justifies the conclusion that the purchases were made to protect a possession and claim previously held.

Being in the previous possession of the land, claiming it adversely to Field's devisees, the purchases and conveyances from them did not have the effect of converting their previous hostile possession

into an amicable possession, or to make their subsequent holding in-
ure to the benefit of such of Field's devisees as they did not pur-
chase from.

The rule upon this subject seems to be that where a party in pos-
session claiming land as his own buys or recognizes an outstanding
title he will not be estopped to set up the title under which he en-
tered against the other unless he has abandoned his possession under
the title under which he entered. *Ray v. Barker's Heirs,* 1 B. Mon.
364.

Klete and Reeder, so far from abandoning their previous posses-
sion and claim of title after they purchased the title of a part of the
devisees of Henry Field, Jr., and holding only under their title, con-
tinued by the most unequivocal acts to assert title to the whole land.
They not only made mutual deeds in 1840, by which each conveyed
to the other an undivided half of the whole land, but both before
and after that time they sold and conveyed distinct parcels in a man-
ner that plainly and unmistakably evinced their claim to the whole
and that they not only did not recognize the right of the other dev-
isees to any interest in the land, but that they claimed to own the
whole of it.

Their acts in selling, conveying and leasing as the owners of the
whole were open and continued for a time so great that even if they
had entered under Fields's title it is doubtful whether the appellants
could have recovered. But as Klete and Reeder did not enter under
their title, but entered and held possession, and claimed the land
prior to the acquiring any part of the Field title, and never aban-
doned their previous possession and claim, their possession continued
to be adverse, as it was before the purchases and conveyances.

This is as true as to Mrs. Hawkins and her representatives as it
is as to those who made no conveyance. Klete and Reeder did not
enter under her. When they purchased from her they were in pos-
session claiming adversely to her, and limitation had commenced to
run, if the bar was not already complete; and the deed did not arrest
the running of limitation against her, nor did the holding, which
was previously adverse, become amicable as to her. On the contrary,
if the holding had been amicable previous to the execution of the
deed it would thereafter have been adverse. True, she would not
have been barred by such holding if it had commenced at the date
of her deed, not, however, because the holding would not have been
adverse, but because being a married woman she would have been

within a saving in the law of limitation which prevented the bar from becoming complete, although the possession was adverse.

The rule that one holding under an executed contract holds adversely to his vendor applies as well where the grantor is a married woman as where the grantor is sui juris. The reason why the right is barred in the one case when it is not in the other grows out of the fact that one is under legal disability to sue, while the other is not, and not because the possession is amicable in the one case and adverse in the other.

Mrs. Hawkins' right of action accrued when there was a hostile entry upon her land, and no new cause of action accrued to her at or after the execution of the deed. She is not shown to have been under any disability when Klete and Reeder, or those under whom they claim, entered, and consequently limitation then commenced to run against her, and was not arrested by her subsequent marriage or by the deed of 1846, the rule being that if limitation begins to run its running will not be suspended by a subsequent disability which is self-imposed.

But there is a still more formidable obstacle in the path of her representatives. Their action as originally commenced was in the nature of an action of ejectment. By a consent order entered October 5, 1866, it was agreed that the actions of *Delany v. Klete* and *Thompson v. Armstrong* should be consolidated, and that the petition in the latter case should be so amended as to ask for partition. The record before us does not show that any such amendment was ever filed. The consent order was an abandonment of the original action, and whether so or not there was no pleading on which partition could have been adjudged in favor of the plaintiffs in that case.

. Again, the clerk does not certify that the transcript is complete. He says it is complete, "except some plats, exhibits and pleadings in the case of *Thompson v. Armstrong,* consolidated with the cases therein mentioned, said pleadings being the same in substance as in the case of Field's heirs." The code in force when these appeals were filed required a complete transcript, and did not authorize this court to consider a partial record. The original plats have been filed and are before us, but the pleadings and exhibits not copied are not before us, and if there was no other reason for so doing, the judg-

ment in the case of *Thompson v. Armstrong* would have to be affirmed because the record is not complete.

Judgment *affirmed.*

*Pryor & Chambers, J. E. Hamilton, for appellants.*

*J. W. Stevenson, for appellees.*