EVANS, Plaintiff in Error, *vs.* KING, Defendant in Error.

A. assigns to B. money due him from the United States as pay for services in the war of the revolution. A. dies and C., his administrator, receives the money from the government. *Held,* B. cannot maintain an action against C. for the money without having first made a demand.

*Error to Callaway Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Ansell,* for plaintiff in error, contended that the action for money had and received was properly brought. *Wiseman* v. *Lyman,* 7 Mass. 286. Chitty on Contracts, p. 605, note 1. *Hull* v. *Marston,* 17 Mass. 579. *Claflin* v. *Godfrey,* 21 Pick. 6. *Mason* v. *Waite,* 17 Mass. 562. *Eddy* v. *Smith,* 13 Wend. 490. *Kane* v. *Paul,* 14 Pet. 33. *De Valengin's Administrators* v. *Duffy,* 14 Pet. 282. *Moses* v. *McFerlan,* 2 Burrows, 362. Chitty on Pleading, 384, 385, 386, top paging.

King was liable in his individual as well as in his representative character. 14 Pet. 33 and 282. *Pease* v. *Barber,* 3 N. Y. T. R. 266.

By the deed of gift from Jesse Evans, plaintiff and Joseph Evans became entitled to the money, and the collection thereof, by King, was in his own wrong. See "act for the relief of certain surviving officers and soldiers of the army of the revolution," approved May 15th, 1828, vol. 4 Stat. U. S, p. 269, and supplementary act, approved June 7th, 1832. "An act making provision for the payment of pensions to executors and administrators of deceased pensioners in certain cases," approved June 19th, 1840, 5 U. S. S. p. 385. "An act to provide for liquidating and paying certain claims of the state of Virginia," approved July 5th, 1832, 4 U. S. S. p. 563. Therefore, no demand or notice before suit was necessary. *Lent* v. *Padelford*, 10 Mass. 244. *Booth* v. *Barnum*, 9 Conn. 286. *Peters* v. *Goodrich*, 3 Conn. 150. 7 ib. 334. Story on Contracts, p. 406, sec. 667. *Jones* v. *Henry & Boggs*, 3 Littell, 46. *Linn* v. *McClelland*, 4 Dev. & Batt. 458. *Perkins* v. *Smith*, 1 Wilson, 328. *Cooper* v. *Chitty*, 1 Burrows, 20. *Parker* v. *Godin*, 2 Strange, 813. 12 Modern, 334. 14 Peters, 282. 1 Story's Eq. p. 402, sec. 400, *a*. See "Fraudulent Conveyances," Stat. Mo. 1825 and 1835.

The money due Jesse Evans, under the act of July 5th, 1832, was assignable. 2 Story's Eq. secs. 1040, 1047, 1056, 1057.

A deed of gift is sufficient to pass personal property to the donees without actual delivery of the property. *Bank's Administrator* v. *Marksberry*, 3 Litt. 275. *Inlow* v. *Thomas*, 6 Mon. 74. *Horn* v. *Gartman*, 1 Branch, 63. *Grangiac* v. *Arden*, 10 John. 293. 2 U. S. Dig. Supplt. p. 84, sec. 44, p. 85, sec. 72, p. 86, secs. 75, 76, 85, 86, 88, p. 83, sec. 25. *Linnendoll* v. *Doe*, 14 Johns. 222.

Voluntary conveyances are good except against creditors. 1 Story's Eq. secs. 371, 353, 354, 355, 356. *McCutchen* v. *McCutchen*, 9 Porter, 650. *Abbot* v. *Williams*, 2 Brevard, 38. *Elam* v. *Keen*, 4 Leigh, 333. 1 Gallison's Rep. 419.

*Hayden*, for same.

*Leonard* and *Sheley,* for defendant in error.

The money due from the government for half pay did not pass by the deed of assignment, because, 1. It was an imperfect gift, a voluntary assignment, not sufficient of itself to pass the money, and being without value, is not entitled to aid from a court of equity. Story's Eq. secs. 706, 793, 973, 988, 1040. *Edwards* v. *Jones,* 7 Simons, 325. 1 Mylne & Craig, 226. *Colman* v. *Sarrel,* 1 Ves. Jr. 50. *Ex parte* Pye, 18 Ves. 140. 2. The alienation of such a provision is against the policy of the law by which it is granted. Story's Eq. sec. 1040.

If an equitable right to the money vested in the plaintiff by the deed of assignment, the administrator's was the hand to receive it, and the money having come lawfully into his possession, a demand before suit was necessary. *Ferris* v. *Paris,* 10 Johns. 284. *Taylor* v. *Bates,* 5 Cow. 378. At least, notice of the plaintiff's right was necessary.

If the defendant is liable at all, he is liable in his representative capacity, and not personally. *Congrove, Administrator,* v. *Sanders,* 3 J. J. Marshall, 575. *Frye* v. *Lockwood,* 4 Cow. 456. *Ripley* v. *Gelston,* 9 Johns. 201. *Sadler* v. *Evans,* 4 Burr. 1984. *Townson* v. *Wilson,* 1 Camp. 397.

GAMBLE, Judge, delivered the opinion of the court.

Evans brought an action against King for money had and received upon the following case :

Jesse Evans, the father of the plaintiff, who had served in the revolutionary war, as an officer in the " Illinois Virginia regiment," executed a deed of gift, dated the third day of December, 1834, by which he conveyed to his sons, Joseph Evans and the plaintiff, three-fourths of his claim for land, to which he was entitled by reason of his services as such officer, and " all the money due me from the state of Virginia and the government of the United States, as pay, half pay, or in any other way that may be due to me for the said services in the war of the revolution, as an officer, by virtue of any law or

laws, resolution or resolutions, either by the legislature of Virginia or the congress of the United States." The consideration stated in this instrument is "love, good will and affection." After this instrument was made, and after the donees had received some money under it, Jesse Evans died, and the defendant, King, became his administrator. As such administrator, the defendant received from the government of the United States the sum of $2976 66, on account of the half pay of the intestate, from 1836 up to the time of his death. This action is brought to recover the money so received. The case, in the court below, turned upon the necessity of a demand before the commencement of the action, but the questions discussed here involve the merits of the case, and, so far as it now appears necessary, the merits will be decided.

The present action is designed to enforce against the representative of Evans, the voluntary gift made by the instrument executed in favor of his sons, by a recovery of the money received by his administrator.

The money was received from the government of the United States by the administrator, King, under the act of congress of 5th July, 1832, 4 Stat. U. S. 563, which provided for liquidating and paying certain claims of the state of Virginia. The second section of the act directs payment to be made to the state of Virginia, from the treasury of the United States, of the amount of judgments which had been recovered against that state, in favor of the officers or representatives of officers of certain regiments and corps therein mentioned. The third section provides that the secretary of the treasury shall adjust and settle the claims for half pay of the officers of the same regiments and corps, who had not prosecuted their claims to judgment, but for which the state of Virginia would be bound upon the principles of the half pay cases decided by her court of appeals.

Under this act, Jesse Evans, as a captain, was entitled to receive from the government of the United States, $240 a year, as his half pay for life. There is nothing in the act that pro-.

hibits the transfer of the right to this allowance of half pay, nor any direction as to the persons who shall receive it, in case of the death of the officer.   Whether there is any provision in the act of the legislature of Virginia, affecting the question of succession to the rights of a deceased officer, we have not now the means of ascertaining.

We proposed, at first, deciding the questions discussed at the bar, which involve the merits of this controversy, but subsequent reflection has produced doubts whether those questions are presented upon the present record as fully and fairly as they might be.   It is incidentally mentioned, that the assignees of Jesse Evans have received a considerable sum of money from the government, under the deed of their father, but it does not appear whether the government recognized them as assignees and paid the money to them as their own, under the deed of their father, or whether it was received from the government in the name of their father, Jesse Evans.   The fact that the government recognized their right to the money under the deed of their father, and paid it to them, may have great influence in determining the questions now presented by the defendant in opposition to their present claim.   If they were treated by the government as entitled to the money under the deed, or if, according to the practice of the department, they could have received the money, claiming it under that deed, it would be difficult to resist the conclusion that the transfer was in itself complete and their right perfect.   In the absence of such evidence, the defendant, the legal representative of Jesse Evans, is shown to have received the money.

1. Whatever may be the right of the plaintiff to recover the money from the defendant, we will take the payment to have been rightly made in the first instance to the administrator by the government, unless the contrary is shown, and then we hold, that before the person who received the money as administrator, was sued by the plaintiff, there should have been a demand made upon him for its payment.   The want of a demand appears to have been the ground of decision in the Cir-

cuit Court, upon which the plaintiff suffered a nonsuit. That decision, upon the state of the evidence, was correct, and the judgment is affirmed.