CHARLES BEARDSLEE *et al.*, Respondents, *v.* S. H. BOYD *et al.*, Appellants.

1. *Practice—Attorneys—Demand.*—Before an attorney can be sued for moneys collected by him for his client, there must be a demand of payment, or a failure to remit, after a reasonable time, in accordance with instructions. If the petition fail to allege such demand, it will be defective on motion in arrest of judgment.

*Appeal from Greene County Circuit Court.*

*T. A. Sherwood,* for appellants.

An attorney is not liable for money collected until demand made upon him. (Cummins v. McLean, 2 Pike, 402; Rathburn v. Ingalls, 7 Wend. 320; Taylor v. Bates, 5 Cowen, 376; S. P. Ferguson's case, 6 Cowen, 596; Staples v. Staples, 4 Greenl. 533; Satterlee v. Frazier, 2 Sandf., S. C., 141; Cooley v. Betts, 24 Wend. 203; Armstrong v. Smith, 3 Blackf. 251; 3 Mo. 316; 9 Mo. 688; 16 Mo. 525; 18 Mo. 375.) An attorney after the reception of money is only a mere *bailee*, and no recovery can be had against him until a *demand* is shown. (Ross v. Clark et al., 27 Mo. 549, and cases there cited.) There are but three things which will dispense with the necessity of a demand: 1. A denial of agency; 2. A promise to remit, and a failure to do so; 3. Setting up an offset exceeding the client's claim. In this case there was no evidence of a demand, nor of anything which could possibly dispense with, or constitute a waiver of, it.

The judgment should have been arrested. The petition does not state facts sufficient to constitute a cause of action. (Jaccard v. Anderson, 32 Mo. 188.) It shows no liability on the part of the appellant. It seeks to charge him with the reception of money as an attorney, and yet it does not contain the necessary averments to this end. It does not allege that any *demand* was made on Boyd for the money, or that he refused to pay over said money, or that any acts were done by him equivalent to a refusal, or to a waiver of demand. In the language of one of the authorities above cited, "It would be unjust, and contrary to the implied contract be-

tween the parties, in cases like the present, to subject the agent to a suit for the money collected by him for his principal, without a previous demand."

LOVELACE, Judge, delivered the opinion of the court.

This is an action for money had and received by the defendants. The petition states in substance that the defendants owe the plaintiffs the sum of four hundred and ninety-eight dollars and fifty-five cents, with ten per cent. interest per annum from the second day of September, 1859, for money had and received by the defendants; which said money was collected by said defendants as attorneys for plaintiff in a certain cause wherein Charles Beardslee and others were plaintiffs, and James M. Morgan was defendant, in the Circuit Court of Greene county, Missouri, and which said sum the defendants have wholly failed and refused to pay plaintiffs, and for which they ask judgment, &c. The defendant Boyd answers, denying any knowledge or information sufficient to form a belief as whether he had received the money, and also claiming a set-off of one hundred and seventy-five dollars for legal advice and services in a certain case in which these plaintiffs were plaintiffs, and one James Morgan was defendant.

The facts disclosed by the evidence are substantially these: These plaintiffs, in 1859, commenced a suit by attachment against James M. Morgan; that suits were commenced at the same time by several other parties; that the defendants were the attorneys of all the attaching creditors; that while these attachment suits were pending, an order was made to sell the perishable property that had been attached, and that the sheriff, at the request of these defendants, paid the money into their hands, while the attachment suits were still pending, and that they gave the sheriff an indemnifying bond therefor; that judgments were obtained in favor of all the attaching creditors of Morgan, and there not being money enough to pay off all the judgments, the sheriff was ordered to pay it *pro rata* upon the judgments, the amount sued for being the amount apportioned to the plaintiffs.

Upon these facts the court below found for the plaintiffs. Several errors are complained of in the record, and only one which will be noticed here. The others, we think, are either not well taken, or not saved in time.

The defendants are charged with receiving the money as attorneys; and the petition fails to allege any demand before the suit was brought, or any excuse for not making a demand, nor does the evidence show that any demand was in fact ever made. To hold an attorney liable for money collected by him as such, there must be a demand and a refusal to pay, or failure to remit, according to instructions, after a reasonable time. (Cummins v. McLean, 2 Pike, 402; Rathburn v. Ingalls, 7 Wend. 320; Taylor v. Bates, 5 Cow. 596. This doctrine has often been affirmed by this court. (Cockrill v. Kirkpatrick, 9 Mo. 688; Evans v. King, 16 Mo. 525.)

Defendants' instructions, then, on this subject ought to have been given, and his motion in arrest of judgment sustained.

The judgment is reversed and the cause remanded for further trial in accordance with this opinion. The other judges concur.