ALEXANDER v. JONES ET AL.

1. **Agent:** SALE OF LAND BY: AUTHORITY TO COLLECT PURCHASE-MONEY. Authority given to an agent to make a contract for the sale of lands will authorize him also to receive so much of the purchase-money as is to be paid in hand on the sale, as an incident to the power to sell. See authorities cited in opinion.

2. ———: ———: RATIFICATION BY ACQUIESCENCE: FACTS CONSTITUTING. Under the facts of this case, (see opinion,) although it would seem that the principal might have repudiated the acts of his agent in the sale of the land in question, and although the purchase-money never came to his hands, yet, since he made no objections to the transaction for several years, during which time the grantees of the land made valuable improvements, *held* that his silence for so long a time must be regarded as a ratification of the sale. See authorities cited in opinion.

3. ———: MONEY COLLECTED BY: NO ACTION FOR WITHOUT DEMAND. Where money has properly been received by an agent for his principal, he is not liable in an action therefor until a demand has been made by the principal. See authorities cited in opinion.

*Appeal from Bremer Circuit Court.*

FRIDAY, JUNE 13.

ACTION in equity for specific performance and for other

relief. The court dismissed the plaintiff's petition, and he appeals.

*H. Boies*, for appellant.

*Gibson & Dawson*, for appellees.

ADAMS, J.—The controversy in this case grows out of a transaction pertaining to the sale of certain land in Butler county, belonging to the plaintiff. The contract of which he asks the court to decree a specific performance is a contract of sale to the defendants, Clark Fairfield and James W. Phillips, made to them by the plaintiff through the defendant, John Palmer, as his agent.

The plaintiff asks for a decree for the purchase-money against the purchasers, Fairfield and Phillips, and, if this should be denied him, he asks that certain conveyances be set aside, to-wit: a deed from himself and wife to one Beals, and a deed from Beals to Fairfield and Phillips, and a deed from them to the defendant, Charles A. Jones, who is the person now claiming to be the owner; and, in default of any other relief, he asks that "the court ascertain the value of the plaintiff's interest in the premises, and determine by whose wrongful act he has been deprived thereof, and that plaintiff have judgment against such parties therefor, and for general relief." Fairfield, Phillips and Charles A. Jones, insist upon the validity of the title acquired by Fairfield and Phillips and conveyed by them to the latter. Palmer admits the collection of the purchase-money, but says he paid it to the defendant, C. S. Jones, as agent of the plaintiff.

C. S. Jones was not served with notice, and did not appear.

It seems to be undisputed that Palmer, acting in the name of the plaintiff, made a contract for the sale of the land to Fairfield and Phillips, and such contract was approved by the plaintiff, and Fairfield and Phillips were put in possession. The difficulty arose out of what occurred later. The deed to Beals, though executed by the plaintiff and his wife,

with the intention that it should be delivered to Beals, was not delivered in pursuance of such intention. The intended purchase by Beals had been abandoned, and Beals never claimed to have any interest in the property, nor right to a deed, and suffered himself to be a mere conduit for the conveyance of a title to Fairfield and Phillips. The deed to Beals was delivered to him by C. S. Jones, without the plaintiff's consent or knowledge. The payment of the purchase-money by Palmer to C. S. Jones appears also to have been without the plaintiff's consent or knowledge; and, while it appears that C. S. Jones had at one time been the plaintiff's agent, he had ceased to be such. His acts in delivering the Beals deed and collecting the purchase-money appear to have been wholly unwarranted. Possibly the plaintiff was owing him, and he took this irregular method to collect his claim. We suspect that such was the fact; but, whether so or not, his conduct could not be approved, nor would such fact, if found, affect the determination of this case. The question is as to whether Fairfield and Phillips, as purchasers from the plaintiff, and Charles A. Jones, as purchaser from Fairfield and Phillips, and Palmer, who collected the purchase-money, should all be protected. The plaintiff claims that as against some one of the parties he is entitled to relief.

The irregular mode by which the title passed from the plaintiff would not of itself have worked an injury to the plaintiff. He had, as we have seen, sold to Fairfield and Phillips, and was intending to execute a deed directly to them, and would unquestionably have done so if he had not been anticipated by C. S. Jones, who happened to have the Beals deed in his hands, and devised the method which he did for obtaining the purchase-money before it should be obtained by the plaintiff. We do not deem it very material to inquire specially into this matter of conveyance. If there had been no conveyance and none attempted, it would remain that Fairfield and Phillips became the purchasers of the land, and the equitable owners, subject of course to the payment of the

purchase-money; and Charles A. Jones, as a purchaser from them, would stand at least in as good a position as they did. The important inquiry is in regard to the payment of the purchase-money. If Palmer's act in receiving it was without previous authority, actual or apparent, and without subsequent ratification, then the payment made to him was not good, and it would appear that the plaintiff might still collect the purchase-money of the vendees The plaintiff denies that Palmer's act was authorized, actually or apparently, and denies that it was ratified.

The plaintiff and C. S. Jones resided in Canada. The other parties to this action resided in Iowa. Both Palmer and C. S. Jones had been employed by the plaintiff to assist him in the sale and conveyance of this land. Palmer was a land agent in Butler county, where the land was situated; and C. S. Jones was the plaintiff's legal adviser, residing in the same town with him in Canada. Palmer was not only employed to negotiate a sale, and, as the plaintiff's duly authorized agent, made the sale in question, and executed a written contract in the plaintiff's name, dated May 27, 1875, but he appears to have remained the plaintiff's agent until after the purchase-money was collected—in August, 1876. A constant correspondence was maintained between them in respect to the conveyance of a title which Fairfield and Phillips were anxious to obtain, and which the plaintiff was anxious to make, and which he was prevented from making only by some embarrassment in obtaining the release of a mortgage operating as a lien upon the land. The express authority given to Palmer appears in a letter from the plaintiff, written him March 13, 1875. Beals, it seems, had previously bought the land, but, on account of some delay on the plaintiff's part in making a deed, had concluded not to take the land. Palmer wrote to C. S. Jones in respect to other persons who desired to purchase. Under date of March 13, 1875, the plaintiff wrote Palmer as follows: "Mr. Jones gave me the letter you wrote him. I see by it that Beals

has bought other land; also, that you have an offer from
another party. You can sell on the same conditions that Mr.
Beals bought on. Please return papers to me, and if .they
accept this offer I will make out a new deed and forward to
you." Palmer, then, by this letter, was expressly authorized
to sell.

An. authority to make a contract for the sale of lands will
authorize the agent to receive so much of the purchase-money
as is to be paid in hand on the sale, as an inci-
dent to the power to sell. Story on Agency, §
58; *Johnson v. McGruder*, 15 Mo., 365; *Yerby
v. Grigsby*, 9 Leigh, (Va.), 387; *Higgins v. Moore*, 6
Bosw., 344; *Goodale v. Wheeler*, 11 N. H., 424; *Peck v.
Harriot*, 6 Serg. & R., 146; *Hoskins v. Johnson*, 5 Sneed,
469. The land in question was sold for $1,600, of which
$500 was to be paid on the delivery of the deed. When,
then, the deed to Beals was delivered to him, and the deed
from him was delivered to the vendees, if they had the effect
to pass a valid title, the payment of $500 became due, and
Palmer was authorized to receive it.

What should be held to have been the effect of the deliv-
ery of the Beals deed, independent of any ratification, we do
not feel called upon to determine. The full pur-
chase-money, with the exception of $100 dis-
counted for cash, was paid by Fairfield and Phillips
to Palmer, and was by Palmer delivered to C. S. Jones,
as the plaintiff's agent, and under the supposition that he was
duly authorized to receive it, and afterward the plaintiff was
notified by Palmer of the delivery of the money to C. S.
Jones. This was done in October, 1876. In November,
1876, the plaintiff was notified of the discount of $100. No
complaint was made to Fairfield and Phillips until just before
the commencement of this action, in the fall of 1880, after
they had improved the land, and sold and conveyed it by a
deed of warranty to Charles A. Jones, and the pretended
agent, C. S. Jones, who had obtained the money, had ab-

1. AGENT:
sale of land
by: authority
to collect pur-
chase-money.

2. ——: ——:
ratification
by acqies-
cence: facts
constituting.

sconded, having, however, after obtaining the money, resided three years in the same town with the plaintiff. We think that, by reason of the plaintiff's silence under the circumstances shown, there was a ratification of the conveyance through Beals, and of the payment to Palmer, and of the discount made for cash. *Hayes v. Steele*, 32 Iowa, 44; *Cooper v. Schwartz*, 40 Wis., 57; *Hawkins v. Lange*, 22 Minn., 557; *Cairns v. Bleecker*, 12 Johns., 300; *Benedict v. Smith*, 10 Paige, 127.

As against Palmer the plaintiff asks for no specific relief, and we are not certain that as against him he claims relief of any kind. We have seen that by ratification the payment to Palmer became a valid payment, and he received the money as the plaintiff's duly authorized agent. The rule is that, where money has been properly received by an agent for his principal, he is not liable in an action until a demand has been made by his principal. *Bedell v. Janney*, 9 Ill., 193; *Cockrill v. Kirkpatrick*, 9 Mo., 688; *Armstrong v. Smith*, 3 Blackf., 251; *Waring v. Richardson*, 11 Ired. (N. C.) L., 77. We see neither averment nor proof of any demand. In our opinion the plaintiff's petition was properly dismissed.

3. ——: money collected by: no action for without demand.

AFFIRMED.