# CHARLESTON.

PAYNE REALTY COMPANY v. W. A. LINDSEY et als.

Submitted May 2, 1922.  Decided May 9, 1922.

1. PRINCIPAL AND AGENT—*Person Who Contracts With Agent Presumed to Know Extent of Authority; Principal May Ratify Unauthorized Contract Expressly or by Accepting Benefits.*

   A person who contracts with an agent is presumed to know the extent of the agent's authority, and if the agent exceeds his authority the principal is not bound by the contract; but the principal may ratify the contract either expressly or by accepting its benefits.  (p. 129).

2. SAME—*Principal Ratifies Contract by Acceptance of Benefits With Knowledge of Terms; Principal's Knowledge of Terms of Contract by Agent May be Inferred from Circumstances.*

   Where with knowledge of the terms of the contract made by his agent, the principal accepts benefits thereunder, under such circumstances as would make it his duty to promptly repudiate if he did not desire to he bound, he will be deemed to have ratified and confirmed the act of his agent. Such knowledge need not be shown by positive evidence; it may be inferred from circumstances.  (p. 129).

3. SAME—*Landlord Who Received Rent for Two Years After Agent Had Delivered Contract will be Presumed to Have Known and Ratified Terms of Contract.*

   Where the owner of a lodge room has appointed an agent to rent the same for a term not exceeding two years, and the agent enters into a written contract of rental in the name of his principal with a tenant for a term of one year, with the privilege to the tenant of renewing for four years, at stipulated monthly payments; and the written contract is delivered to the owner and remains in his custody, the tenant takes possession and pays the monthly payments to the owner for two years thereunder without question, it will be presumed that the owner knew and ratified the terms of the written contract in his possession; and he will be bound thereby.  (p. 129).

Error to Circuit Court, McDowell County.

Action by the Payne Realty Company against W. A. Lind-

sey and others. Judgment for plaintiff, and defendants bring error.

*Reversed and remanded.*

*Russell S. Ritz* and *John Kee,* for plaintiffs in error.

*G. W. Howard,* for defendant in error.

LIVELY, JUDGE:

This writ of error was awarded to defendants (plaintiffs in error) from a judgment of the circuit court in an action of unlawful detainer, awarding to plaintiff (defendant in error) the possession of a lodge room on the third floor of a building in Welch and $320.00 damages for its detention.

Plaintiff, a corporation, owned a business building in the city of Welch, and Judge Strother a stockholder and officer of the corporation had the building in charge for rental purposes. A room on the third floor becoming vacant, Judge Strother authorized Blakely, a real estate agent, to procure a tenant for that room. Blakely told Strother that he could rent the room to the Moose, for lodge purposes. This was in the month of January, 1919. In the latter part of that month Judge Strother went to Florida and returned to Welch the following April. During his absence, custody of the building, rental of rooms therein that might become vacant, and collection of rents, was delegated by him to Blakely. His instructions were to rent none of the rooms, including the one on the third floor now in controversy, for a period longer than two years. Blakely approached Walker, a member of Welch Lodge No. 1094, Loyal Order of Moose, and proposed to rent the third floor vacant room to that body as a lodge room, and after some negotiations executed a written contract of lease therefor on behalf of plaintiff corporation in which the lessee, Loyal Order of Moose, was to pay $40.00 per month for a period of one year from February 1st, 1919, and from year to year thereafter for an additional period of four years, or until February 1st, 1924, with the privilege of terminating the lease at the end of any year by giving notice to the lessor, thirty days prior thereto. The written lease is signed by plaintiff company, by J. W. Blakely, and by Welch

Lodge No. 1094, L. O. M., by A. P. Walker and George Barley and was filed in Judge Strother's office with his clerk or secretary, where it remained, and a copy thereof spread upon the records of the Moose. The latter took possession and held its lodge meetings therein, paid the monthly rental to Judge Strother, the secretary and treasurer of plaintiff corporation, without question until in January, 1921, it was served with a notice to vacate on or before February 1st, 1921. It refused to do so and this action of unlawful detainer was instituted against the 262 members of the Lodge, and process served on about 68 of them.

Plaintiff bases its right to recover possession by repudiation of the written contract executed in its name by Blakely, its agent. No authority was given Blakely to contract for a rental period of more than two years; Judge Strother and Blakely both so state. Blakely says Walker would not take the room unless he was protected by a written contract, and not being able to rent it to them otherwise, he executed the lease, as stated. The Moose was then occupying comfortable quarters in another building, where its tenancy had not expired, and after moving into the room in question continued to pay rental on its former lodge room for several months, and until the expiration of its lease at the former place. The record discloses no material dispute of fact. There being no dispute of fact, a proper application of law settles the controversy. The ownership of the room by plaintiff; the authority of Strother to rent it, the agency of Blakely for that purpose in Strother's absence; the authority of Blakely to make contract of rental for not more than two years; the execution of written lease for one year with privilege of four years more; the occupancy of defendants thereunder for two years with prompt payment of monthly rent; the lodging of the written lease in Strother's office all this while; his want of knowledge of the terms of the lease, for failure to read it; and notice to vacate, are all well established. There is no conflict in the evidence on these outstanding controlling facts. On motion of plaintiff the jury was instructed over objection of defendants that Blakely, as agent, had no right to

make a lease to defendants for a longer period than two years; and that unless they believed from the evidence that plaintiff ratified the unauthorized act of Blakely in leasing the room for more than two years they should find for the plaintiff, and before they could find that plaintiff so ratified the lease for more than two years, they must believe that at the time of such ratification plaintiff had actual knowledge that such lease gave defendants a right to the room for more than two years. Defendants asked for peremptory instruction in their favor which was refused; also for an instruction to the effect that if they believed Blakely made the lease, and the plaintiff accepted the benefits thereunder, and that Blakely acted within the apparent scope of his authority in making the lease, then they should find for defendants. The verdict was in favor of plaintiff and its damages assessed at $320.00, and judgment was rendered thereon against defendants for possession and for the damages assessed. Plaintiff invokes the familiar principle that one dealing with an agent must ascertain the extent of the agency. The law presumes that he knew the extent of the agent's powers; and if the agent exceeds his authority, the principal will not be bound by the contract. And it is pointed out that here was a contract in excess of the agency, and that plaintiff was not bound for more than two years under the contract the extent to which the authority of the agent went. While it is clear the agent exceeded his authority it is equally clear that the principal took the benefit of the contract, and by receiving the rents ratified and confirmed it. The lease was for one year only, and yet after the expiration of the one year it received rents for another year. It could not accept in part and repudiate in part. The contract was not separable. *Moyers* v. *Foggarty*, 140 Iowa 701; Clark & Skyles Agency, Sec. 108. It was the duty of the principal promptly to repudiate, if it did not want to be bound. But it is asserted that plaintiff did not see the contract, was in ignorance of its agent's unauthorized act, and was under the impression that the agent had not exceeded his authority, and only became aware of the terms of the contract at the end of two years when it notified defendants to vacate, and met with refusal. Is this

a valid excuse under the law? Was it not the duty of plaintiff to know under what kind of a contract it was receiving money, and by what terms defendants held its premises. The contract was in writing, was filed with the secretary-treasurer, the officer who received the rents, and was open to his inspection. It might have been different if the contract had been withheld or suppressed, and plaintiff misinformed as to its terms. The delivery of this contract to plaintiff was notice to it of its contents, and after taking benefits thereunder, especially after the one year term of the lease had expired, it ratified and confirmed it, and is estopped from denying the validity of its provisions. There was no concealment, misrepresentation, or attempt to mislead on the part of defendants. There is not a breath of suspicion of unfair dealing on their part. They, relying upon their contract, gave up their former meeting place at financial sacrifice and have faithfully performed their part of the agreement. "The lack of full knowledge does not protect a principal who is wilfully ignorant, and deliberately chooses to act without such knowledge, as where knowing that he is ignorant of some of the facts, he has such confidence in his agent that he is willing to assume the risk and to ratify the act without making inquiry for further information than he at the time possesses or where he intentionally and deliberately ratifies without full knowledge under circumstances which are sufficient to put a reasonable man upon inquiry." 2 C. J. 481, citing numerous authorities. "If the principal either by his conduct, by his words, or by his silence, has led others to believe that he has sanctioned an unauthorized act performed in his behalf by his agent or by an assumed agent, he will be held to have ratified such act, whether it was his actual intention to do so or not. Although ratification is presumed to be based upon the intention of the parties, yet it may in some cases be effected contrary to the principal's real intention, for if by his acts he has induced others to believe that it was his intention to ratify the unauthorized acts, and such others have acted accordingly, the law will conclusively presume that such was his intention, and he will not be permitted to deny

it." Clark & Skyles Agency, sec. 134. By accepting and retaining the rent, which was the fruit of its agent's acts, for two years without question or objection, with the written contract in its possession, plaintiff is presumed to have had knowledge of its contents and ratified the contract under which these rents arose. *Hoyt* v. *Thompson*, 19 N. Y. 207; *Alexander* v. *Jones*, 64 Iowa 207; *Heyn* v. *O'Hagen*, 60 Michigan 150; 2 Greenleaf on Evidence, secs. 66, 67. Now, with these principles before us, what are the rights of the parties? Where with knowledge of the facts, (and it is not necessary that such knowledge be shown by positive evidence; it may be deduced from facts and circumstances) the principal acquiesces in the act of the agent by acceptances of benefits thereunder, and under such circumstances as would make it his duty to repudiate promptly such act if he would avoid it, such acquiescence will be deemed a confirmation of the agent's act, and binding upon the principal. The peremptory instruction to find for defendants should have been given. The judgment of the circuit court will be reversed, the verdict set aside and a new trial awarded.

*Reversed and remanded.*