Judge Ewing
delivered the Opinion of the Court.
Baker and Asbell brought an action of ejectment against Pearson, relying upon a Kentucky land office warrant claim, surveyed the 7th of February, 1832, and patented to them on the 11th of March, 1833»
Pearson also relied on a patent which is founded on a Kentucky land office warrant, surveyed the 16th Of March, 1832, and patented the 2d of February, 1833.
He also set up and relied on an outstanding patent in the name of Wooldridge, for fourteen hundred acres, bearing date the 10th of May, 179-3, and contended that the same covered the land in contest.
The statute of 1815, under which the warrant titles 'of both parties emanated, declares, that the actual survey shall be considered the commencement of the title, and when perfected by grant, the title shall relaté to the time of survey, so as to be available in courts of lazo against an J J J . r elder grant founded on a younger survey. 2 Statzite Laws »/ 1022, ««*» »•
Under this statute, though the patent of the plaintiffs below is junior, their survey being elder, their title is elder, and they must prevail, unless some other impediment exists.
Pearson was in the actual occupancy of the land, or n part of the land, in controversy, prior to the date of the survey or patent of the plaintiffs, and contends that their patent is void because they did not give him the three months notice required by the statute of 1831, 2 Stat: Law, 1037.
Where .the different parts of the description ofthe •boundaries of a tract of land, are found to be inconsistent with .each other—
1. In general, dis tance yields to course,—
2. Theheginning corner, in the plat or certificate of survey, is of no higher dignity than, any other coiner.
S. To find the true position of a survey, it is not necessary to begin at the corner where the sur- or begun and follow the lines in the succession in which he gives them: you may begin at the same or any other corner, and proceed the same way, pr in the opposite direction, and reversed succession of lines.
*322 This statute does not declare the survey or patent void which emanates in derogation of its- provisions, but merely inhibits the appropriation “so as to include lands “ improved or cultivated, enclosed or in the use andoc* “ cupation of another.”
It is well settled by a train of the adjudications of this Court, in analagous cases, sanctioned by the well settled principles of the common law, that a patent cannot be avoided at law in a collateral proceeding by matters dehors the patent, unless it is declared void by statute, or its nullity indicated by some equally explicit statutary denuiiciation. 4 Bibb, 329-30, Bledsoe vs. Wells; 4 Monroe, 51, Jenings vs. Whitaker.
In the case before the Court, the land was subject to location by a treasury warrant, saving a preemptive right to the Occupant.
But his preemptive right, at most, is an inchoate right, which he may never perfect by patent, and which, if it shall be overreached by an elder paramount title, like all other inchoate imperfect titles, can only be asserted in a court of chancery, where the elde'r patentee maybe subjected to the direct action of the Court, and compelled to yield up his elder legal title to the claimant of the elder equity. This deferice cannot therefore be set up at law.
The remaining Questions arise on the outstanding patent of Wooldridge; which the defendant below contends, covers all the land in controversy: whether it does, of doe's not, is the only question to be settled.
The 1st, 2d, 3d, 4th, 5th, 9th and 10th corners of the survey are found; the 6th, 7th and 8th corners are not found, nor are any marked lines found from the 5th to the 6th corner, or from the 6th to the 7th, or from the 7th to the 8th. Aline is found marked part of the way, reversing the course, from the 9th towards the 8th corner. By extending the line from the 5th corner, which is found, towards the 6th, tli’e distance called for in the patent, preserving the course of it, and the subsequent lines, the survey would close, but the opposite lines or lines from the 7th to the 8th, and from the 8th to the 9th corners, would be longer than the distances called for *323 in the patent, by some fifty or sixty poles each. If those linps are reversed, and the distances called for in the patent run, preserving the course called for, the opposite line, or line from the 5th towards the 6th Gorner, will be contracted some sixty or seventy poles short of the distance called for. If the former mode of running out the survey be adopted, the land in controversy will be embraced in Wooldridge’s elder grant; if the latter mode, it will not. And the only question is, whether the line from the 5th to the 6th corner, shall be extended the full distance called for; which, by preserving the. courses, would make the opposite lines longer than called for; or whether those lines shall be contracted to the true distance called for, by reversing the courses, which would contract the line from the 5th towards the 6th corner some sixty or seventy poles shorter than called for.
4. If there is uncertainty in ácer? tificate of survey, the construction most against the party claiming under it, must prevail: he must show and establish his corners.
A def ’t in eject, who would de? fend his possession by showing an outstanding title in a stranger, paramout to the pltf’s, must show that the boundary of the the stranger’s title includes the land in controversy, or he fails in that defence: as where an el? der title is produced, and thera is an evident mistake in giving tha length of one or moreofthelines, so that, unless the length of some be disregarded, the survey cannot be closed;and if the length of one be. taken as the true length of two opposite lines, the survey will include the land, but if the other be taken as th¿ true length of both, it will not, and there is nothing to show which line is given right—t!r¿ party producing the survey fails—because of the uncertainty. '
The quantity embraced in the survey by adopting either of these modes of construction, is not given; por does it appear whether there will be a surplus, the true quantity, or a failure of quantity, by adopting the one mode or the other; nor are the true distances or courses of the opposite lines, which are found, given; nor is there any other circumstance which might produce a preponderance of presumption in favor- of ope mode of construction or the other.
In this naked attitude of the case, we are called upon to determine which mode of construction shall be adopted to find the true position of the lost corners.
Certain principles have been settled by- this Court, which, when applied fo this case, will settle this matter.
First. In the general, distance yields to course, or in the absence.of any circumstance bringing the mind to a contrary conclusion, the courses shall be first pursued, contracting or extending the distances, as the case may require, to piake the survey close. Lilt. Select Cases, 91.
Second. The beginning corner in the plat, or certificate of survey, is of no higher dignity or importance than any other corner of the survey. Buckley vs. Bryan, Printed Decisions, 107. 1 Pirtle's Digest, 114.
*324 Third. The order in which the surveyor gives the lines and corners in his certificate of survey, is of no importance to find the true position of the survey. Reversing the courses is as lawful and persuasive as following the order of the certificate. 4 Monroe, 32.
Fourth» That construction is to prevail, which is most against the party claiming upder an uncertain survey, It is his duty to show, and establish his corners. Preston’s Peirs vs. Bowman, 2 Bibb, 493, From which it will follow that he who sets up and relies on an outstanding claim, must show that it embraces the land in contest, and should not succeed by using it, when it is uncertain whether it embraces it or not.
By applying the above principles to the question under consideration, they settle, it.
In the absence of all circumstances to lead the mind to any definite conclusion, we cannot determine whether the surveyor made the mistake, by running the sixth line too short, or the eighth and ninth too long, and we are not warranted in poming to a conclusion, that the mistake occurred in the eighth and ninth by running them too long, rather than in the sixth by running it too short because it approximated nearer to the beginning than the other two, in the order in which the certificate of survey has been made out, and therefore has the preference.
In this uncertainty as to the line or lines in which the mistake occurred, or as to the true position of the lost corners, the defendant who sets up and relies on the claim as embracing the land in controversy, cannot succeed,
The principles involved in the instructions that were given and refused by the Circuit Court, are not incompatible with the above views.
It is, therefore, the opinion of this Court that the judgment of the Circuit Court be affirmed.