64 U.S. 235
 23 How. 235
 16 L.Ed. 452
 NATHAN E. HOOPER, LOUISA J. HOOPER, AND AMANDA E.
HOOPER, MINORS, BY ABSALOM FOWLER, THEIR NEXT FRIEND,
PLAINTIFFS IN ERROR,
v.
JACOB SCHEIMER.
 December Term, 1859
 
 1
 THIS case was brought up by writ of error from the Circuit Court of the United States for the eastern district of Arkansas.
 
 
 2
 It was an ejectment brought by the Hoopers against Scheimer, for an undivided one-fourth part of lots numbered one, two, three, four, five, six, seven, eight, nine, ten, eleven, and twelve, in block numbered ten, in that part of the city of Little Rock lying east of the Quapaw line, and known as Governor Pope's addition; and are embraced in the northwest fractional quarter of section number two, in township one north, range twelve west.
 
 
 3
 The plea was, not guilty, &c.; and upon the trial of the issue by a jury, a verdict for the defendant was returned, and he had judgment for costs.
 
 
 4
 The mode of bringing an ejectment in Arkansas is merely to state in the declaration that the plaintiff was entitled to the possession of the property, and that the defendant entered upon it and ejected the plaintiff therefrom.
 
 
 5
 The Hoopers were the heirs of Cloyes, and claimed under his pre-emption, which has been mentioned more than once in these reports.
 
 
 6
 The defendant claimed under a patent embracing the lots in controversy, to the reading of which in evidence the plaintiffs objected, on the ground that it was inoperative and void as to the said northwest fractional quarter on which said pre-emption had been established, because said fractional quarter had been previously appropriated to the private use of said Nathan Cloyes, deceased, and that such patent had been issued without authority, in violation and without warrant of law, and for land not subject to be granted or patented; but the court overruled the objection, and permitted the patent to be read; whereupon the plaintiffs excepted.
 
 
 7
 There was other evidence on both sides given upon the trial, but it is not necessary to mention it in this report.
 
 
 8
 After the evidence was finished, the plaintiffs offered two prayers to the court, the purport of which was to declare the patent inoperative and void; which prayers were refused. The defendant offered five which were granted, of which it is only necessary, in this report, to notice the two following.
 
 
 9
 1. The patent from the United States, conveying the fee to the northwest fractional quarter of section two, in township one north, of range twelve west, to the grantee therein named, dated 2d November, 1833, not appearing to be void, is a complete and paramount legal title, and must prevail in this action over the title of the plaintiffs, and any equities that may exist between parties behind it can only be assisted and be made available in a court of chancery, but cannot affect the patent in this action; and if the jury believe that the undivided interest mentioned in the declaration is embraced in the patent as a portion of the said tract of land, the finding of the jury should be for the defendant.
 
 
 10
 2. That the action of ejectment is founded on the legal title, and the plaintiffs must recover on the strength of their own title; that a patent from the United States is a higher and better legal title, and must prevail, in an action of ejectment, over an entry with the register and receiver or a pre-emption right under the laws of the United States, notwithstanding the State statute may authorize an action of ejectment to be instituted on the latter, and maintained against any person not holding under a superior title.
 
 
 11
 The case was submitted on printed arguments by Mr. Stillwell for the plaintiffs in error, and Mr. Hempstead for the defendant.
 
 
 12
 Mr. Stillwell's first point was this: Can the plaintiffs, claiming under a grant of pre-emption, recover against the defendant, claiming under a patent issued subsequent to the pre-emption?
 
 
 13
 We respectfully submit, that by the act of Congress of 29th May, 1830, the N. W. fractional quarter section 2, 1 N., 12 W., was appropriated to the use of the occupant, Nathan Cloyes, was not subject to be granted to any other person, by Congress or any officer of the United States, until the expiration of the time allowed him to make payment therefor, by that act and the act of 15th July, 1832; and it appearing that payment was made by his heirs within the time, the patent was void.
 
 
 14
 Perry v. O'Hanlon, 11 Missouri Rep., 595.
 
 
 15
 McAfee v. Keirn, 7 Smed. and Marsh Rep., 789.
 
 
 16
 Nicks v. Rector, 4 Ark. Rep., 283, 284.
 
 
 17
 Wynn v. Garland, 16 Ark. Rep., 454.
 
 
 18
 13 Pet. Rep., 513; 6 Ib., 738.
 
 
 19
 5 Wheat. Rep., 303.
 
 
 20
 Cromelin v. Waiter, 9 Ala. Rep., (N. S.,) 605.
 
 
 21
 Stoddard v. Chambers, 2 How. Rep., 318.
 
 
 22
 10 Smed. and Marsh, (Miss.,) 461.
 
 
 23
 7 Smed. and Marsh, (Miss.,) 366.
 
 
 24
 2 Laws Ins. and Ops., p. 16, No. 15.
 
 
 25
 2 Laws Ins. and Ops., No. 39, 40, p. 1045.
 
 
 26
 8 Mo. Rep., 94.
 
 
 27
 6 Cow. Rep., 282.
 
 
 28
 A pre-emption is a legal vested right.
 
 
 29
 9 How. U. S. R., 333.
 
 
 30
 4 Ark. Rep., 283.
 
 
 31
 The patent issued to Gov. Pope being void, as issued without authority, may be impeached in a court of law.
 
 
 32
 6 Cond. Rep., 358; 10 Johns. Rep., 26.
 
 
 33
 4 Cond. Rep., 653; 5 Cond Rep., 724, 664.
 
 
 34
 11 Mo. Rep., 595; 16 Ohio Rep., 66.
 
 
 35
 8 Mo. Rep., 94.
 
 
 36
 Under the statute of Arkansas, the patent certificate is of equal grade and dignity with the patent itself.
 
 
 37
 Rev. Stat. of Ark., p. 344, ch. 53, secs. 1 and 2.
 
 
 38
 McClairen v. Wicker, 8 Ark. Rep., 195.
 
 
 39
 Penn v. O'Hanlon, 11 Mo. Rep., 595.
 
 
 40
 Morton v. Blankenship, 5 Ib. Rep., 356.
 
 
 41
 Burner v. Marlow, 1 Scum. (Ill.) Rep., 162.
 
 
 42
 James v. Steel, 3 ib., 99.
 
 
 43
 And is a better title than a patent founded on a subsequent entry, within the meaning of the statute.
 
 
 44
 Pettigrew v. Shirley, 9 Mo. Rep., 688.
 
 
 45
 5 ib., 350; 11 ib., 595.
 
 
 46
 The patent could not affect the pre-existing title of the ancestor of the plaintiffs.
 
 
 47
 N. O. v. Armas, 9 Pet. Rep., 236.
 
 
 48
 U. S. v. Arredondo, 6 ib., 738.
 
 
 49
 Catlin v. Jackson, 8 Johns. Rep., 555.
 
 
 50
 Jackson v. Covey, ib., 388.
 
 
 51
 Fletcher v. Peck, 2 Cond. Rep., 321.
 
 
 52
 Nicks v. Rector, 4 Ark. Rep., 283.
 
 
 53
 And extraneous evidence was admissible to show that the patent was void, for want of authority to issue it.
 
 
 54
 Polk's Lessee v. Wendell, 3 Cond. Rep., 294.
 
 
 55
 4 ib., 653.
 
 
 56
 2 How. U. S. Rep., 317, et seq.
 
 
 57
 Collins v. Beaumin, 1 Mo. Rep., 385, (540.)
 
 
 58
 The title of the plaintiffs related to the date of the pre-emption act, (29th May, 1830.) The making of proof of occupation and cultivation, the adjudication of the right by the land officers, and the payment of the purchase money, were successive steps to perfect the right, and are to be regarded as having been done on that day.
 
 
 59
 Pettigrew v. Shirley, 9 Mo. Rep., 688.
 
 
 60
 Wynn v. Garland, 16 Ark. Rep., 454.
 
 
 61
 And, consequently, the intervening rights cut out.
 
 
 62
 Landes v. Brant, 10 How. Rep., 372.
 
 
 63
 12 Mo. Rep., 148; Walker's (Miss.) Rep., 97.
 
 
 64
 3 Cow. Rep., 75; Viner's Abr., Tit. Relation, 290.
 
 
 65
 Cruise on Real Property, vol. 5, p. 510, et seq.
 
 
 66
 When the patent was issued, the land had been appropriated, and was not subject to grant; and it ought to have been excluded by the Circuit Court, or the jury instructed to disregard it, as the plaintiffs asked. The act of issuing it was a mere ministerial act, and, as to the rights of the plaintiffs' ancestors, was wholly ineffectual to prejudice them.
 
 
 67
 Ware v. Busk, 1 McLean's Rep., 535.
 
 
 68
 Mr. Hempstead treated this point as follows:The first and principal question is, whether a patent issued by the United States can be impeached, annulled, and set aside, in an action at law.
 
 
 69
 I affirm that a patent is unimpeachable at law, except, perhaps, when it appears on its own face to be void; and the authorities on this point are so uniform and unbroken in the courts, Federal and State, that little else will be necessary beyond a reference to them.
 
 
 70
 In ejectment, the rule is universal, that the plaintiff must show the right to possession to be in himself positively. It is immaterial, as to his right of recovery, whether it be out of the tenant or not, if it be not in himself; and it follows, a tenant is always at liberty to prove the title out of the plaintiff, although he does not prove it to exist in himself.
 
 
 71
 Love v. Simms, 9 Wheat., 524.
 
 
 72
 Greenleaf's Lessee v. Birth, 6 Pet., 312.
 
 
 73
 King v. Stevens, 18 Ala., 475.
 
 
 74
 Rupert v. Mark, 15 Illinois, 540.
 
 
 75
 1 Blackf., 131; 8 Blackf., 320, 366.
 
 
 76
 And this grows out of a doctrine, universal in that action, requiring the plaintiff to recover on the strength of his own title, and not allowing him to be successful, on account of the weakness of the title of the defendant, or because he may have none at all.
 
 
 77
 2 Greenl. Ev., 331.
 
 
 78
 Marsh v. Brooks, 8 How., 233.
 
 
 79
 In Kentucky, it is a settled principle that courts of law will not look beyond the patent, and it is only in a court of equity that a prior right or equity can be established. The courts of the United States have adopted the same principle.
 
 
 80
 Finley v. Williams, 9 Cranch, 167.
 
 
 81
 The general rule in Kentucky appears to be, that patents cannot be impeached collaterally by evidence dehors the patent. They have the dignity of records. It is true a patent, when it appears on its face to be illegal, may be treated as a nullity, or considered as void; yet, if it appears perfect on its face, it cannot be vacated or annulled by matter dehors the patent. It is only by scire facias, or other regular mode, that it can be vacated. The reason of the distinction is evident. The Commonwealth cannot be divested of her title but by matter of record; and when she has so divested herself, she cannot regularly reinvest herself of the title but by matter of record. If a patent be illegal upon its face, it is itself record evidence of the matter which renders it a nullity; but if it be legal and perfect upon its face, it is a record of the title having passed to the grantee, and it cannot regularly be defeated but by matter of as high a nature.
 
 
 82
 Bledsoe's Devisees v. Wells., 4 Bibb, 329.
 
 
 83
 The same doctrine will be found explicitly recognised in Virginia, in Alexander v. Greenup, 1 Munf., 134.
 
 
 84
 It is fully supported by the English authorities.
 
 
 85
 5 Com. Dig., F. 1, F. 4, F. 6, F. 7, title Patent
 
 
 86
 2 Bl. Com., 346.
 
 
 87
 A patent is a record of high dignity. It issues under the great seal, is enrolled, and the proceeding to vacate or annul it must emanate from chancery, and may be set on foot by the Government, or any one prejudiced.
 
 
 88
 5 Com. Dig. Patent, F. 6, p. 357.
 
 
 89
 2 Com. Dig. Chancery, C. 1, p. 366.
 
 
 90
 Taylor v. Fletcher, 7 B. Monroe, 81.
 
 
 91
 There are certain exceptions to this rule, which may go far towards reconciling contradictory cases:
 
 
 92
 1. Where the Legislature has declared that the patent shall be void, if issued in contravention of a described state of case.
 
 
 93
 2. Where the Legislature has declared that the patent shall be deemed fraudulent, if issued under similar circumstances.
 
 
 94
 Taylor v. Fletcher, 7 B. Monroe, 83.
 
 
 95
 Ray v. Barker, 1 B. Monroe, 368.
 
 
 96
 Dallam v. Handley, 2 A. K. Marsh., 418.
 
 
 97
 Atchley v. Latham, 2 Litt., 362.
 
 
 98
 Jennings v. Whittaker, 4 B. Monroe, 51.
 
 
 99
 Pearson v. Baker, 4 Dana, 322.
 
 
 100
 Cain v. Flynn, 4 Dana, 501.
 
 
 101
 Sutton v. Mencer, 6 B. Monroe, 438.
 
 
 102
 Little v. Bishop, 9 B. Monroe, 246.
 
 
 103
 A patent cannot be declared void at law, because the patentee failed to give one in actual possession the three months' notice required by the act of 1831, (2 Stat. Law, 1037;) but the settlers' rights under the act may be enforced in chancery.
 
 
 104
 Pearson v. Baker, 4 Dana, 321.
 
 
 105
 A party cannot travel behind a patent to avoid it.
 
 
 106
 4 Monroe, 51.
 
 
 107
 A patent, when attacked incidentally, cannot be declared void, unless it be procured by actual fraud, or is void on its face, or has been declared void by law.
 
 
 108
 Underwood v. Crutcher, 7 J. J. Marsh., 532.
 
 
 109
 A patent cannot be avoided at law in a collateral proceeding, by matters dehors the patent, unless it is declared void by statute, or its nullity indicated by some equally explicit statutory denunciation.
 
 
 110
 4 Bibb, 330; 4 Mon., 51; 4 Dana, 322.
 
 
 111
 In Pennsylvania, where there are no courts of chancery, an action of ejectment may be sustained on an equitable title; but the rule always has been there, in the courts of the United States, that the plaintiff must show a paramount legal title.
 
 
 112
 2 Wash. C. C. R., 35.
 
 
 113
 12 Peters, 23.
 
 
 114
 Although State courts cannot interfere with the primary disposal of the public land, yet, if one obtain a legal title from the United States improperly, and to the prejudice of a prior right, equity will relieve and hold him as a trustee.
 
 
 115
 Groves's Heirs v. Fulsome, 16 Miss., 544.
 
 
 116
 Huntsucker v. Clark, 12 Miss., 337.
 
 
 117
 Stephenson v. Smith, 7 Miss., 610.
 
 
 118
 Gaines v. Hale, 16 Ark., 25.
 
 
 119
 It is only where letters patent are void on their face, as being issued contrary to law, or where the grant is of an estate contrary to law, as against the prohibition of a statute, that it possibly may be held void in a collateral proceeding.
 
 
 120
 Jackson v. Marsh., 6 Cowen, 282.
 
 
 121
 Jackson v. Lawton, 10 Johns., 23.
 
 
 122
 Parmlee v. Oswego Co., 7 Barb., 622.
 
 
 123
 The People v. Livingston, 8 Barb., 278, 284, 285, 286, 287, 295.
 
 
 124
 Jackson v Hart, 12 Johns., 77.
 
 
 125
 People v. Mauran, 5 Denio, 389, 398, 400.
 
 
 126
 A patent must prevail in a trial at law, unless it is in fact a felo de se—unless it carries on its own face the evidence of a nullity. One perfect on its face is not to be avoided, in a trial at law, by anything short of an elder patent. It is not to be affected by evidence or circumstances which might show that, in a court of equity, the party offering impeaching evidence would probably prevail. The jurisdictions of the two tribunals must be kept distinct, and the patent must prevail at law, although it may be made to yield to the superior right of the adverse party in another forum. In the case of an actual and perfect patent, there is no remedy but to set it aside in a court of equity, or in some direct proceeding having that for its direct end and object. It cannot be done in the ordinary progress of a trial at law, on evidence which the party had no means to know would be relied on, and therefore could not be prepared to meet. In other words, you cannot go behind a patent in a trial at law. The patent alone must prevail.
 
 
 127
 The principle interdicting the introduction of extrinsic evidence to impeach a patent free from objection on its face, does not depend on the grade or nature of the evidence.
 
 
 128
 Norvell v. Camm, 6 Munf., 233, 238.
 
 
 129
 Witherington v. McDonald, 1 Hen. and Munf., 303.
 
 
 130
 Alexander v. Greenup, 1 Munf., 140.
 
 
 131
 The same doctrine was laid down by Marshall, C. J., in Stringer v. Lessee of Young, 3 Peters, 340. He said no case had shown that a patent may be impeached at law, unless it be for fraud—not legal and technical, but actual and positive fraud, in fact, committed by the person who obtained it; and even that, said he, is questioned, citing the above case of Witherington v. McDonald, 1 H. and M., 306; also Hoofnagle v. Anderson, 7 Wheat., 212; Boardman v. Reed, 6 Pet., 342; 6 Cranch, 131; 8 How., 233; Patterson v. Winn, 11 Wheat., 380. The opinion of the Chief Justice evidently was, that a patent could not be impeached at law, even for fraud—actual, positive fraud. It has been said, a patent is void and confers no title when it issues for land that has been previously patented to another individual, or granted to him by act of Congress, which is equivalent to a patent.
 
 
 132
 Stoddard v. Chambers, 2 How., 318.
 
 
 133
 Grignon v. Astor, ib., 344.
 
 
 134
 Why is this so? Why, under such circumstances, may a patent be held inoperative at law? Those cases themselves answer—because the fee has passed out of the United States, and vested in the first patentee or grantee.
 
 
 135
 18 How., 88; 9 Cranch, 99.
 
 
 136
 Those cases do not warrant, nor are there any cases to be found in the courts of the United States which warrant, the impeachment of a patent, at law, in a case where a pre-emptioner claims in opposition to that patent. Resort must be had to a court of equity, and to that alone.
 
 
 137
 An elder equitable right may be investigated, and asserted in chancery against a patent, but this cannot be done at law. This court, says McLEAN, J., (6 Peters, 342,) have repeatedly decided that, at law, no facts behind the patent can be investigated.
 
 
 138
 A patent is a better legal title than an entry with the register and receiver, and in an action of ejectment must prevail over it.
 
 
 139
 Gaines v. Hale, 16 Ark., 25.
 
 
 140
 Griffith v. Deerfelt, 17 Miss., 31.
 
 
 141
 Dickinson v. Brown, 9 S. and M., 130.
 
 
 142
 Bruckner v. Lawrence, 1 Doug. (Mich.,) 37.
 
 
 143
 Bagnell v. Broderick, 13 Peters, 436.
 
 
 144
 Wilcox v. Jackson, 13 Peters, 516.
 
 
 145
 Wiggins v. Lusk, 12 Ill., 132.
 
 
 146
 A patent is evidence, in a court of law, of the regularity of all previous steps to it, and no facts behind it can be investigated.
 
 
 147
 6 Peters, 724; 5 Wheat., 293.
 
 
 148
 7 Wheat., 151; 11 Wheat., 580; 4 Peters, 340.
 
 
 149
 In actions at law, the legal title must prevail, and there can be no inquiry into the equities of the parties. They must be ascertained and adjusted in a court of equity. Where land is purchased in the name of one person, with the funds of another, the legal estate is vested in the former. The latter acquires only an equitable estate, and he must resort to a court of equity to enforce it, and cannot assert it in an action of ejectment.
 
 
 150
 Phelps v. Kellogg, 15 Ill. R., 136.
 
 
 151
 No equitable title can be set up in ejectment, in opposition to the legal estate.
 
 
 152
 Jackson v. Chase, 2 Johns., 84.
 
 
 153
 Jackson v. Pierce, ib., 222.
 
 
 154
 To recover in ejectment, the plaintiff must show a paramount legal title.
 
 
 155
 Swayze v. Burke, 12 Peters, 23.
 
 
 156
 A patent is conclusive in a court of law.
 
 
 157
 West v. Cochran, 17 How., 403.
 
 
 158
 14 How., 382; 15 How., 450.
 
 
 159
 The legal title must prevail at law.
 
 
 160
 13 How., 24; 11 How., 568.
 
 
 161
 9 How., 171; 8 How., 365.
 
 
 162
 A plaintiff must recover upon the strength of his title, and that must be a legal as contradistinguished from an equitable title.
 
 
 163
 Livingston v. Story, 9 Peters, 632.
 
 
 164
 United States v. King, 7 How., 846.
 
 
 165
 Gilmer v. Poindexter, 10 How., 297.
 
 
 166
 The fee remains in the United States until the issuing of the patent, and it must be so considered at law, although in equity the holder of the patent certificate of the register is held to be the owner.
 
 
 167
 Carroll v. Safford, 3 How., 460, 461.
 
 
 168
 Fraud, which goes to the question, whether the instrument ever had any legal existence, may be admitted in a court of law. But, otherwise, chancery is the proper forum.
 
 
 169
 Hartshorn v. Day, 19 How., 211, 223.
 
 
 170
 A patent cannot be collaterally avoided at law, even for fraud.
 
 
 171
 Field v. Seabury, 19 How., 324, 332.
 
 
 172
 This case is conclusive on the subject, and it was said that the case in 2 How. S. C. R., 318, did not authorize the impeachment of a patent at law. Courts of justice have no authority to disregard surveys and patents, when dealing with them in actions of ejectment.
 
 
 173
 West v. Cochran, 17 How., 403.
 
 
 174
 Willet v. Sandford, 19 How., 82.
 
 
 175
 The Legislature of Arkansas has provided that an action of ejectment may be maintained on an entry made with the register and receiver of the proper land office of the United States, or on a pre-emption right under the laws of the United States.
 
 
 176
 Digest, 454.
 
 
 177
 But a patent, being a superior legal title, must, of course, prevail over them; nor would it be competent for any State legislation to give such titles, which are only of an equitable nature, precedence over the legal title.
 
 
 178
 Wilcox v. Jackson, 13 Peters, 516.
 
 
 179
 Irvine v. Marshall, 20 How., 566.
 
 
 180
 Bagnell v. Broderick, 13 Peters, 450, 451.
 
 
 181
 And although actions of ejectment may be maintained on an equitable title, or less than a complete legal title, in the State courts, by virtue of positive legislation, yet it may admit of great doubt, whether, in the courts of the United States, that action can be sustained on anything but the paramount legal title. Such I understand to have been decided.
 
 
 182
 In Carson's Lessee v. Boudinot, 2 Wash. C. C. R., 33, Judge Washington so held, although, there being no courts of chancery in Pennsylvania, the State courts allow a recovery in ejectment on an equitable title.
 
 
 183
 And, also, in Swayze v. Burke, 12 Peters, 23, also from Pennsylvania, it was held by this court, Justice McLEAN delivering the opinion, that, 'as there is no court of chancery under the laws of Pennsylvania, an action of ejectment is sustained on an equitable title by the courts of that State. Such is not the practice in the courts of the United States; and in this case,' says he, 'if the plaintiffs fail to show a paramount legal title in themselves, they cannot recover.'
 
 
 184
 Certainly the action never can be maintained against the superior title—certainly the dignity of a patent can never be imparted to the certificate of purchase; or, to what is a title of inferior grade, a pre-emption right.
 
 
 185
 Bagnell v. Broderick, 13 Peters, 450.
 
 
 186
 What security would there be in titles, if, in actions at law, juries should undertake to pronounce on the validity of patents—undertake to say whether they rightfully or wrongfully issued—or whether the officers of Government had proceeded according to law, and, if not in a collateral proceeding, a trial at nisi prius, annul the highest and most solemn titles emanating from Government? Here is a patent from the United States, regularly issued, under the great seal, signed by the President, and having passed through all the formalities requisite to make it the highest and most perfect evidence of title that can possibly exist, under any Government—regular and formal on its face—and the proposition is, that a jury, ignorant of law and legal proceedings composed, it may be, of persons not fit to try a six-bit case—are to pronounce upon its validity, and avoid it, if they please. What they might think to be fraud, might be no fraud at all; there might be ample power in the officer to issue it, and yet the jury might think otherwise. One jury might set aside a patent—another jury sustain it; and so, what ought to be the highest evidence of right, is something, or nothing, according to the whim, caprice, intelligence, or ignorance, of the jury. The whole thing is absurd; everybody sees it; and such a doctrine ought to receive no countenance whatever. If a patent issued, in many cases, after a long contest, and against vehement opposition, as this was issued, is not to import absolute verity at law, the issuing of patents ought to cease altogether, as they would only delude the purchaser; if, indeed, the disappointed contestant, in each case, could, the next day, in effect, take an appeal from a solemn act of Government to a jury, and reinvestigate the whole matter, and have the patent avoided at law. A claimant, disappointed in obtaining a patent himself, and his adversary having got it, forthwith brings an action of ejectment, and transfers the question to a jury, and reopens it again, with a view of having the patent annulled, in a forum where no issue can be made upon it, nor parties in interest brought before the court. I say again, the whole thing is absurd. If a patent is to be impeached or annulled, it can only be done by a direct proceeding in chancery for that purpose, and where all parties in interest can be brought, and their respective rights ascertained and protected. And to that forum these claimants resorted; and, after full investigation, the pre-emption claim was declared fraudulent, and the patent to be good; and they then commenced again at law to retry that question, and want to have a jury decide it, when they have failed in the proper tribunal. I have no idea parties can be successful in the attempt to commit such legal outrages.
 
 
 187
 The instructions given on that point are sustained by both principle and authority, and nothing further need be said to demonstrate their correctness.
 
 
 188
 2. The right forum to impeach the patent was a court of chancery, and that had been resorted to, and the pre-emption claim of Cloyes declared invalid, and to be in fact a base fraud, as the proof in the chancery case conclusively showed it was.
 
 
 189
 Lytle et al. v. the State et al., 17 Ark., 608. See transcript in this court, No. 123.
 
 
 190
 It was purely vexatious to bring this ejectment suit, and the plaintiffs had no right to do it, as the same matter was involved in their chancery suit.
 
 Mason v. Chambers, 4 J. J. Marsh., 401
 
 191
 Mr. Justice CATRON delivered the opinion of the court.
 
 
 192
 An action of ejectment was brought in the Circuit Court of the United States for eastern district of Arkansas, founded on an entry made in a United States land office. This was the only title produced on the trial by the plaintiffs.
 
 
 193
 The defendant held possession under a patent from the United States to John Pope, (Governor, &c.,) with which the defendant connected himself by a regular chain of conveyances. The Circuit Court held the patent to be the better legal title, and so instructed the jury, who found for the defendant; and the plaintiffs prosecute this writ of error to reverse that judgment.
 
 
 194
 By the statute of Arkansas, an action of ejectment may be maintained where the plaintiff claims possession by virtue of an entry made with the register and receiver of the proper land office of the United States. Ar. Digest, 454.
 
 
 195
 This court held, in the case of Bagnell et al. v. Broderick, (13 Peters, 450,) 'that Congress had the sole power to declare the dignity and effect of a patent issuing from the United States; that a patent carries the fee, and is the best title known to a court of law.' Such is the settled doctrine of this court.
 
 
 196
 But there is another question, standing in advance of the foregoing, to wit: Can an action of ejectment be maintained in the Federal courts against a defendant in possession, on an entry made with the register and receiver?
 
 
 197
 It is also the settled doctrine of this court, that no action of ejectment will lie on such an equitable title, notwithstanding a State Legislature may have provided otherwise by statute. The law is only binding on the State courts, and has no force in the Circuit Courts of the Union. Fenn v. Holme, (21 How., 482.)
 
 
 198
 It is ordered, that the judgment be affirmed.
 
 
 199
 No. 60 depends on the same titles and facts and instructions to the jury as are set forth in 59; and the same verdict and judgment were given in the Circuit Court.
 
 
 200
 We order it to be affirmed likewise.