### CARTER v. RUDDY et al.

(Circuit Court of Appeals, Ninth Circuit. May 8, 1893.)

#### No. 56.

1. EJECTMENT—TITLE—HALF-BREED SCRIP—LOCATION.
    Plaintiff in ejectment claimed as the grantee of land upon which a half-breed Sioux Indian had located scrip issued to him under Act Cong. July 17, 1854, which scrip was not transferable, but was issued to designated

individuals in exchange for the interest acquired by them, collectively under a former treaty. *Held*, that the scrip, and the location of it, did not vest the legal title in the plaintiff's grantor, and it was proper to instruct the jury that they should disregard the location and the deed to plaintiff as evidence of title, and only regard them as evidence explaining his entry, possession, and good faith.

2. SAME—INSTRUCTIONS—POSSESSION OF ENTIRE TRACT.

The court instructed the jury that if the half block sued for was held by plaintiff in one tract, and was so marked out that defendant could know its location, and plaintiff had possession of any part of it, such possession extended to the entire tract, but that if it was cut up into separate and distinct lots, and so marked on the ground, then he must show possession of all thereof. *Held*, that after this it was not error to refuse plaintiff's request to instruct that if the jury found that he had built two houses on the half block in question, and that he occupied one of them by his tenant, then he was in possession of the whole of such tract, and was entitled to recover.

In Error to the Circuit Court of the United States for the District of Idaho.

This was an action of ejectment by Edward D. Carter against Charles Ruddy and others, in which defendants had judgment, and plaintiff brings error. Affirmed.

John R. McBride and W. B. Heyburn, (Albert Allen, on the brief,) for plaintiff in error.

Walter A. Jones, (Frank Ganahl, on the brief,) for defendants in error.

Before McKENNA, Circuit Judge, and HAWLEY and MORROW, District Judges.

McKENNA, Circuit Judge. This is an action of ejectment. Plaintiff in error, who was also plaintiff in the court below, claims title by deed from one Walter Bourke, by his attorney in fact, W. R. Wallace. Bourke, it is claimed, was a half-breed Sioux Indian, to whom was issued scrip under the act of July 17, 1854, entitled "An act to authorize the president of the United States to cause to be surveyed the tract of land in the territory of Minnesota belonging to the half-breeds or mixed bloods of Dacotah or Sioux nation of Indians, and for other purposes." The act authorizes the president to exchange for a relinquishment of the interest the said Indians derived by the ninth article of the treaty of Prairie du Chien of 15th July, 1830, (7 Stat. 330,) for certificates or scrip for the same amount of land to which each Indian would be entitled in case of a division of the said reservation pro rata among the claimants, "which certificates or scrip may be located upon any of the lands within said reservation not now occupied by actual and bona fide settlers of the half-breeds or mixed bloods, or such other persons as have gone into said territory by authority of law, or upon any other unoccupied lands subject to pre-emption or private sale, or upon any other unsurveyed lands, not reserved by government, upon which they have, respectively, made improvements." In other words, the exchange was of a general title for the opportunity to acquire titles in severalty of specific tracts of said reservation, actually occupied by each Indian, or the right to acquire, acre

for acre, other lands of the public domain not reserved, upon which improvements might be made. The scrip was not transferable. A piece of scrip for 80 acres, issued under said act to said Walter Bourke, was located by his agent, Wallace, on land of which the block in controversy is a part. After this location had been made, and a certificate issued by the United States land office at Coeur D'Alene city, the commissioner of the general land office canceled it, having discovered that the scrip had been duplicated, by an order of the commissioner, some years before, and the duplicate located on some lands in Dakota in 1880.

The plaintiff, however, contends that the commissioner had no power to cancel the location, and that by it the title to the lands passed to his grantor. As to the power of the commissioner, we express no opinion, because, granting the location to be valid, we do not think it passed the legal title to plaintiff's grantor. The scrip and its location were not the legal title. They were but the means of obtaining it. The plaintiff therefore, not having the legal title, could not recover, except on prior possession; and the court did not err in instructing the jury that "they should disregard the location and deed as evidence of title, and only regard them as evidence explaining plaintiff's entry and possession and good faith." It is well settled that one having only an equitable title cannot maintain ejectment in the federal courts. Langdon v. Sherwood, 124 U. S. 74, 75, 8 Sup. Ct. Rep. 429; Foster v. Mora, 98 U. S. 425; Johnson v. Christian, 128 U. S. 382, 9 Sup. Ct. Rep. 87; Hooper v. Scheimer, 23 How. 235; Fenn v. Holme, 21 How. 481.

The plaintiff alleged possession as well as title, describing the land sued for as the N. ½ of block 22, in the said town of Wallace, bounding it by certain streets, except two separate lots, pieces, and parcels of land described on the plat of said town as lots 12 and 20 in said block 22, each of said lots being 25 feet wide and 100 feet long. The property is therefore situate within the limits of said town, and the evidence is conflicting as to whether it was marked on the ground into lots, streets, and alleys at the time of plaintiff's purchase. His deed describes it as block 22 in said town of Wallace, consisting of 24 town lots, bounded by certain streets. He claims, however, that he took and held it as one tract. The allegation of possession was denied by the defendants. Therefore, what possession he took and held, and what possession he had at the time of the entry of defendants, were submitted to the jury, and they found against him. Their verdict is conclusive unless there was error in giving or refusing instructions, or in the admission or rejection of testimony.

The plaintiff's counsel urged as error the refusal of the court to give the following instructions:

"The plaintiff has introduced evidence showing that prior to the entry of defendants upon the north half of block 22 the plaintiff had erected two houses on the said north half of said block, and at the time of the entry of defendants the plaintiff was in the actual possession of at least one of these houses by his tenant, and such possession is the actual possession of all the said north half of said block 22, and your verdict must be for the plaintiff. * * * The jury are instructed that if they believe that plaintiff

had erected two houses on the north half of block 22 prior to the entry of the defendants, and at the time of such entry by defendants was in the actual occupancy of either of said houses by himself or his tenants, then the plaintiff is entitled to recover."

But the court, after stating the contention of the parties as to possession, and as to the unity of the tract, or its separation into lots, instructed the jury as follows:

"* * * It is the law that where a party holds a tract of land as a separate and distinct tract, and as one tract, under a claim of title, as the boundaries of the tract are so designated, described, and marked that they may be known, his possession, either by himself or tenants, of a part of the tract, operates as possession of all. If in this case, you find that this half block was held by plaintiff as one tract or parcel of land, and that it was so marked out or designated in any way that defendants could know its location, and plaintiff had possession of any part of it, such possession extended to, and gave him possession of, the entire tract; but if, on the contrary, it was cut up into separate and distinct lots, and so marked upon the ground, and treated as distinct tracts, then he must show the possession of all thereof. * * *"

It was not error, therefore, to refuse the instructions requested. It may be observed that plaintiff alleged that the lots which he claims to have been in possession of tenants were "two separate lots, pieces, and parcels of land" from the land sued for. Can their possession, therefore, be the possession of land from which they were "separate?"

We do not think it is necessary to review each assignment of error separately. The 3d to the 10th, both inclusive, and 16th, 17th, and 18th, were based on the effect of the location as title, and are decided with it. In view of the instructions of the court as a whole, we do not think the court erred in refusing or in giving instructions. Those given fairly stated the law suitably to phases of the testimony, and the contention of the parties, and there was no error prejudicial to plaintiff in the admission or rejection of testimony. Judgment is therefore affirmed.