## Potter v. Tolliver, et al.

## Elkhorn Coal Corporation v. Same.

(Decided April 26, 1927.)

## Appeals from Letcher Circuit Court.

1. Injunction.—In suit to enjoin trespass on land bought by corporation, corporation had burden of showing that defendants were trespassing or threatening to trespass on its property.

2. Boundaries.—In suit to enjoin trespass on certain tract of land, where defendants set up claim of title to a specific acreage, that defendants admitted that there was a probable conflict in the boundaries did not impose on them the burden of proving it, but the burden thereof was on plaintiff, in view of Civil Code of Practice, section 125, providing that in such an action defendant must state whether he claims any part of land, and that such statements shall not impose on him the burden of proving his right thereto.

O'REAR, FOWLER & WALLACE and J. WOODFORD HOWARD for Elkhorn Coal Corporation.

D. D. FIELDS & DAY for appellees.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

In September, 1920, the appellant Elkhorn Coal Corporation filed its petition in the Letcher circuit court against S. H. Tolliver and W. E. Wright, seeking to enjoin them from mining coal and cutting timber from a tract of 229.76 acres which is set out and described in the petition by metes and bounds  The corporation obtained a temporary restraining order restraining the appellees from trespassing upon the lands described in the petition.  The appellees answered and aptly set up and defined their claim.  They alleged that they were the owners of 2.72 acres of land, and they also set out their boundary by metes and bounds.  The appellees alleged that their operations in mining coal and cutting timber had been confined exclusively to the boundary which they described in the petition.  They had done no mining or cutting of timber on the property of the corporation.  This seems to be admitted by all parties.  So far as this record discloses, they may have continued their operations without falling into contempt of court, so long as they confined them to their own land.

Much is said in brief for the appellant corporation in an effort to show that it was entitled to a temporary

restraining order, regardless of whether appellees were trespassing upon the lands described in the petition, as they substantially admitted in their pleading that they were threatening to trespass. Their pleading is not susceptible of that construction. The corporation instituted an action under the mistaken belief that appellees were trespassing upon its lands. They were not engaged in so doing at the time of the filing of the suit, and there is nothing to indicate in their pleading or elsewhere that they at any time had any intention of trespassing upon the lands described in the petition. The issual of the temporary restraining order was wholly unnecessary to protect the rights of the corporation, and the issual of the temporary injunction restraining appellees from trespassing upon the lands described in the petition in no way interfered with the operation of the appellees. The corporation should have known that the appellees were not trespassing upon its lands, and the appellees should have known that they were not restrained from doing what they pleased with their own lands, as long as they did not interfere with the rights of others. We find this statement in the brief for the corporation:

"Contrary to the supposition of both the original parties, it developed that there was in fact no conflict in boundary between that set out in plaintiff's petition and that in the defendants' answer. At least there is no evidence that there was a conflict."

It is contended, however, that, in view of the fact that appellees admitted a probable conflict in the boundaries, they should have proven it. We cannot follow this reasoning. The burden was on the corporation to show that appellees were trespassing or threatening to trespass on its property. Learned counsel for appellant appear to have overlooked section 125 of the Civil Code of practice. In such an action the defendant must state whether or not he claims any part of the land and if he claims part of it his answer must so describe such part that it may be identified  The making of such statement, or of such statement and description, shall not of itself throw on the defendant the burden of proving his right to the land claimed by him. If the plea of the appellees is all that the appellant claims that it is, still the burden was on appellant to establish the conflict. The lower court dismissed the petition filed by the appellant cor-

poration and adjudged that the temporary restraining order should not have been issued. The judgment on this branch of the case is affirmed.

The appellees, by cross-petition, made J. Martin Potter a party to the action, and he filed his pleading, asserting title to the 2.72 acres of land. The appellant Potter claims title to the land through a deed executed to him by A. B. Potter. It appears there had been litigation between A. B. Potter and other parties over certain lands which were described in the pleadings. The 2.72-acre tract was not involved in the controversy. Under an agreement to submit the matter to a surveyor to determine the respective rights of the parties, this 2.72-acre tract appears to have been allotted in the division, but, as it was not involved in the controversy, it is contended that the judgment of the court was void as to this tract, and that the appellant Potter took nothing by reason of the deed executed to him. It is also insisted that A. B. Potter conveyed this land to the appellant J. Martin Potter without right and in violation of the agreement which had been entered into, and for the fraudulent purpose of preventing the carrying out of the agreement. The lower court found no merit in the claim of the appellant Potter, and in our opinion his finding in this respect was correct. The judgment as to J. Martin Potter is therefore affirmed.

The judgment of the lower court is affirmed as to the Elkhorn Coal Corporation and also as to J. Martin Potter, and each of these appellants shall pay the cost which he has created in this court.