## Bryant et al. v. Perry et al.

Dec. 10, 1940.

Flem D. Sampson, Judge.

H. C. Gillis, R. B. Waddle and G. W. Hatfield for appellants.
G. W. Stephens, E. L. Stephens and John C. Clarke for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The heirs at law of Milton Perry brought this action against Robert Bryant to recover damages for trespass to a tract of land in McCreary county. The plaintiffs alleged in their petition that they were the owners and in possession of a certain tract of land, which was described, and that Robert Bryant entered thereon and cut down and carried away 75,000 feet of merchantable timber. They sought to recover $975, the market value of the timber, $50, damage done to the growing timber, and $25, damage done to the land. Bryant filed an answer, the first paragraph of which was a traverse. In

the second paragraph he alleged that he purchased the timber from Ernest Shelley, and that he had cut 46,000 feet of timber from a tract of land, which was specifically described, and had paid Shelley $1.50 per thousand feet for it, or $69, and that the timber was cut from land owned by Shelley. He made his answer a cross-petition against the administrator of the estate of Ernest Shelley, who had died, and against Shelley's heirs at law. It is conceded that Ernest Shelley owned a tract of land known as the Andrew Higginbotham 100-acre patent. The land was patented by Higginbotham in 1836. Before the case was tried, the Kentucky Land Shares Corporation filed an intervening petition in which it set up claim to the land if it laid outside the Higginbotham patent. The court, in effect, instructed the jury to find for the plaintiffs if they believed the timber was cut from land outside the Andrew Higginbotham 100-acre patent claimed by Ernest Shelley at the time the timber was sold by him to the defendant Bryant. The jury returned a verdict for the plaintiffs for $325, and the defendants have appealed. They insist that the judgment should be reversed because (1) the court erred in overruling their motion for a peremptory instruction in their favor; (2) the instructions are erroneous; and (3) the damages are excessive.

The damages are clearly excessive since the highest estimate by any witness for appellees of the value of the timber cut by Bryant was $175, and the instructions were erroneous since they assumed that the appellees were the owners of the land in question if it laid outside of the Higginbotham patent. However, it is unnecessary to discuss these grounds in detail since we have concluded that the court erred in overruling appellants' motion for a peremptory instruction.

Appellees' claim of ownership rests upon alleged adverse possession. The only color of title which plaintiffs claim to have is an inter partes deed between the Bauer Cooperage Company and Milton Perry and Jane Perry, his wife, acknowledged by the Bauer Cooperage Company on January 3, 1912, and recorded in the McCreary county clerk's office on November 23, 1936. It appears that at the time the deed was executed the Bauer Cooperage Company was engaged in litigation with the Perrys and others over the titles to various tracts of land in McCreary county. The inter partes

deed recited that Milton Perry had a squatter's claim to 127 acres of unpatented lands adjoining two patents owned by him containing 100 acres and 50 acres, respectively. The deed then recited that for the purpose of a compromise the Bauer Cooperage Company conveyed and quit-claimed to the Perrys "that portion of said 127 acres lying south and east of a line commencing at a black oak on the ridge on the west side of the road, a corner to the Richardson & Ryan 100 acre survey, thence running northwest about 60 poles to a white oak and spotted oak, a corner to the E. A. Porch 100 acres; E. with the E. A. Porch line to a double chetsnut on a ridge, corner to E. A. Porch; thence a straight line to the fork of the creek, thence up Indian creek to the mouth of the first branch below the fork of the creek; thence N. to a chestnut corner to Richardson & Ryan 100 acres; thence with said line to the beginning." The Perrys conveyed and quit-claimed to the Bauer Cooperage Company the remainder of the 127-acre tract. The part conveyed by them was particularly described and stated to contain 90 acres. No evidence was introduced by the plaintiffs to show that the Bauer Cooperage Company had title to the land which it attempted to convey to the Perrys. It is appellees' contention that this deed gave Milton Perry color of title to the land in question and fixed the boundary to which his alleged adverse holding extended. The land in dispute was unenclosed, had not been cleared, and no actual acts of adverse possession existed as to it.

Neither the appellees nor their ancestor under whom they claim had actually entered on the land in controversy and held actual possession of it for the statutory period. The proof fails to show that Milton Perry had a well-marked boundary to which he claimed that went beyond the boundary of the land actually enclosed or cultivated by him. In the absence of a deed or other instrument giving him color of title, he was not in constructive possession of the land in dispute. To be effective as color of title, a deed must describe the land with the degree of certainty essential to ascertain the boundaries. Holcomb v. Swift Coal & Timber Company, 251 Ky. 642, 65 S. W. (2d) 741; White v. Philpot, 221 Ky. 529, 299 S. W. 173; Lipps v. Turner, 164 Ky. 626, 176 S. W. 42. The description in the deed from the Bauer Cooperage Company to the Perrys is indefinite, and the

lines are susceptible of more than one location. The lines as run by a surveyor introduced as a witness by the defendants do not include the land in dispute. One of the calls was east with the E. A. Porch line to a double chestnut on a ridge, corner to E. A. Porch. The location of this point is conceded by all parties. The next call reads: "Thence a straight line to the fork of the creek." A. P. Hodges, the surveyor introduced as a witness by the defendants, testified that this line ran to a point where Beaver fork and Cogar fork joined to form Indian creek. The appellees claim that this line runs to another fork known as Kilburn fork, but no surveyor who had run the lines was introduced in support of this contention. Hodges testified that if the line ran to the Kilburn fork the remainder of the boundary from that point could not be located from the deed. The Bauer Cooperage Company deed purports to convey 37 acres of land, but if the lines are run so as to conform to appellees' contention the deed covers approximately 400 acres.

The burden was on the plaintiffs to locate the boundaries and to show that the land in dispute was embraced within the lines claimed by them. White v. Philpot, supra; Potter v. Tolliver, 219 Ky. 522, 293 S. W. 1074; Kentweva Coal & Lumber Company v. Helton, 170 Ky. 211, 185 S. W. 838. In Combs v. Valentine, 144 Ky. 184, 137 S. W. 1080, the court quoted with approval the following from Pearson v. Baker, 4 Dana 321, 323:

"That construction is to prevail, which is most against the party claiming under an uncertain survey. It is his duty to show, and establish his corners. Preston's Heirs v. Bowmar, 2 Bibb 493. From which it will follow that he who sets up and relies on an outstanding claim, must show that it embraces the land in contest, and should not succeed by using it, when it is uncertain whether it embraces it or not. * * *"

The plaintiffs failed to sustain this burden, and the court erred in overruling defendants' motion for a peremptory instruction to find for them.

Judgment is reversed for further proceedings consistent herewith.