## Strunk v. Perry et al.

February 16, 1951.

J. B. Johnson, Judge.

Leonard S. Stephens for appellant.

G. W. Stephens and James A. Inman for appellee.

Stanley, Commissioner—Affirming.

In 1937 Milton Perry's heirs brought a suit for damages for trespass against a number of parties. The Kentucky Land Shares Corp. intervened. The real issue became one of title to land, and it was determinable upon the location of lines and adverse possession. In Bryant v. Perry, 284 Ky. 698, 145 S.W.2d 1055, we held the plaintiffs had failed to sustain the burden of locating their boundaries so as to show that the land in dispute was embraced in the lines claimed by them and reversed a judgment in their favor. Thereafter the parties agreed upon a judgment fixing the lines.

The present suit was brought by McKinley Strunk against Denty and Roy Perry, two of the nine children and heirs of Milton Perry, for trespass upon a certain 150 acres known as the Doolin survey or patent. The plaintiff acquired his title from the Kentucky Land Shares Corporation, which was the principal party in the above suit. The defendants set up title to a certain 190 acres. The controversy is over a parcel of 8 or 10 acres claimed by both parties. The plaintiff claimed his tract of 150 embraced the parcel which is on the north side of Indian Creek, the rest of his tract being on the south side. The defendants claimed their land extended to the creek and embraces the parcel. Judgment went for the defendants.

The state of the record confounds confusion. Building up such a record of immaterial and irrelevant matter not only places the clients to considerable unnecessary expense but hinders the courts in their efforts to do justice between the parties. In a rather exhaustive analysis of the complicated record, the trial court dredged out the ultimate facts, some of which were negative in that the party upon whom the burden rested did not establish to the court's satisfaction those things for which he contended.

One of the issues was res judicata, raised by the

plaintiff. In the former suit the parties to this action or their immediate predecessors in title were parties. The court concluded that the particular parcel involved here was not embraced in that litigation and denied the plaintiff's plea under which he might have prevailed. However, the court recognized that the agreed judgment "made some attempt to establish the property lines between the parties." With respect to the line as it may have related to the parcel, the surveyors of both parties testify, and a consideration of other parts of the record demonstrates abundantly that the agreed line, though apparently clear on paper, cannot be located on the ground without considerable arbitrary extension or shortening of lines to reach stakes called for but not monuments. We think the court properly ruled that the plaintiffs did not sustain the burden of proving his title insofar as it was described by this agreed line. It is a long standing rule that in construing an indefinite survey that construction will "prevail which is most against the party claiming under" it because he has not succeeded in making it certain. Pearson v. Baker, 34 Ky. 321, 4 Dana 321.

As perhaps upon a more certain or satisfactory ground, the court went further and decided the question adverse to the plaintiff upon the ground that his deed was champertous insofar as it may have covered the parcel involved. The deed of the plaintiff, Strunk, from the Kentucky Land Shares Corporation placed him on notice that someone else was claiming it. The deed excepted "such tracts as are held by older or superior titles, which includes a lap with a William Jasper survey, it being the purpose of this instrument to convey to second party all that portion of the said 150 acre Doolin Survey not covered by the 8 3/10 acre tract referred to and such portions as are not held by older patented lands and such portion not acquired by adverse claimants." The conveyance included "all rights, claims and demands that could or may be enforced by reason of trespass or trespasses on said land are hereby transferred and assigned to the party of the second part, and should party of the second part, his heirs or assigns deem it necessary or advisable to bring legal action on proceedings to enforce any such claim or demand or to remove trespassers or squatters thereon he is authorized to use the name of the parties vendor hereto in any such

legal proceedings, provided same shall be done without any expense to first parties, and first parties shall be protected any and all court cost, including attorney's fees in connection therewith.''

It is to be noted that our opinion in the prior case was rendered December 10, 1940, Bryant v. Perry, 284 Ky. 698, 145 S.W.2d 1055; the agreed judgment entered pursuant thereon was entered March 18, 1944; the plaintiff's deed was dated June 1, 1944; and the suit filed two years later. The defendants had acquired title and Denty Perry had moved upon the land, the description of which embraced this parcel, in 1925. The house into which he moved was close to the line now in controversy. The Perry family had lived in the community 85 years or more and had occupied and held this land or a part of it under adverse possession or color of title nearly all of that time. There are other significant facts. So, not only did the plaintiff have knowledge, both actual and constructive, of this state of facts, but his deed itself recognized that other people were claiming at least some of the land it conveyed. This conveyance, it seems to us, is made void by the statutes, KRS 372.070, 372.080, the object of which, as stated in Perry v. Wilson, 183 Ky. 155, 208 S.W. 776, being to discourage litigation by prohibiting one who has a doubtful title, to clear which he is not willing to sue, from selling it to another person and thereby encourage strife.

A full consideration leads us to the conclusion that the chancellor's decision is correct.

The judgment is, therefore, affirmed.