**Clayborne JUSTICE et al., Appellants,**

v.

**KENTLAND COAL & COKE COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

June 12, 1959.

Rehearing Denied Oct. 23, 1959.

W. A. Daugherty, Pikeville, Clayborne Justice, Phyllis, pro se, for appellants.

J. P. Hobson, Jr., Hobson & Scott, John M. Stephens, Pikeville, for appellee.

MONTGOMERY, Chief Justice.

Kentland Coal & Coke Company and Republic Steel Corporation brought an action to quiet their title and to prohibit the mining activities of Clayborne Justice and others. For convenience, the parties will be referred to as Kentland and Justice. The Chancellor determined that the mining activities were not on the land of Kentland, and denied an injunction.

The lawsuit originally concerned four tracts described in Kentland's pleadings and three tracts in Justice's pleadings. To quote from the Chancellor's opinion, "It is like trying fifteen different lawsuits at once and each one of them a fairly complicated lawsuit." On this appeal, appellant is represented by his sixth attorney, and also has filed a brief in his own behalf. Several surveys were made. The record consists of many exhibits and six volumes of testimony. From this plethora of problems, two questions arise. The appeal and the cross-appeal question the correctness of the Chancellor's determination of the location of two tracts of land, respectively.

Justice urges on the appeal that the Chancellor incorrectly determined the location of a 65-acre tract. Kentland claims the mineral rights in this tract under title derived from a mineral deed made by Andrew Justice to John J. Stuart, trustee, in 1887. Both parties claim title under a common source, Andrew Justice, Sr. Justice contends that the true location of the beginning corner of this tract, as he so testified, is 3,258 feet northeast of the beginning corner as located by the Chancellor. In making his decision as to the location of the 65-acre tract, the Chancellor disregarded the conflicting locations of the beginning corner as claimed by Justice and Kentland. The description in the Kentland deed contained seven consecutive calls which were substantially the same as seven consecutive calls in a deed to David W. Justice, a son of Andrew Justice, for a tract of land adjoining. These calls, as located, followed a natural boundary line; that is, a ridge. Additionally, the Chancellor's location of the tract corresponded with a recitation in the deed that the tract adjoined the lands formerly owned by David King and David W. Justice. The location as claimed by Justice followed no natural boundary and did not adjoin the David King or David W. Justice land. It is unnecessary to detail any further evidence considered by the Chancellor on this point.

■ The beginning corner in the description of a tract of land is of no higher dignity or importance than any other corner of the survey. Pearson v. Baker, 4 Dana 321, 34 Ky. 321; Combs v. Valentine, 144 Ky. 184, 137 S.W. 1080. In Morgan v. Renfro, 124 Ky. 314, 99 S.W. 311, it was stated that the rule is to prefer the best evidence. Therefore, marked corners—i. e. those clearly identified, and which are notorious objects—are seized upon as the most satisfactory; then natural objects not marked, such as a stream or a ridge, while not so exact, are nevertheless reasonably sure to afford satisfactory evidence of location. Where a location has certain natural calls sufficient to support it and to describe the land, other calls less natural and incompatible with the essential calls will be disregarded. Massie v. Watts, 6 Cranch 148, 10 U.S. 148, 3 L.Ed. 181. The Chancellor's location of the 65-acre Andrew Justice tract is correct.

Kentland claimed title by mesne conveyances to the mineral rights in a 35-acre tract of land conveyed by one Conley Justice to F. A. Stratton in 1892. No source of title was given in the latter conveyance nor was any reference made to any patent or survey. By an amended pleading tendered on the day that the Chancellor rendered an oral opinion in the case, this tract was described as follows:

"All that certain tract and parcel of land lying and being on and about Rough Hollow of the Right Fork of Simms Creek, tributary of the Levisa Fork in Pike County, Kentucky, and more particularly bounded and described as follows:

"Beginning at a Beech standing in the mouth of the Rough Hollow thence:

N 78 E 28 Poles to a beech;
N 50 W 100 Poles to a stake;
S 68 W 75 Poles to a stake;
S 70 E 123 Poles to the Beginning."

The call for the third line, S 68 W 75 poles to a stake, was omitted from the original pleading filed by Kentland. The amended pleading supplying the third call as above mentioned was ordered filed by a recitation in the judgment which was adverse to the rights of Kentland as so asserted.

The location of the tract of land involved in the cross-appeal cannot be determined alone by the description in the deed under which Kentland holds from Conley Justice. It is determined by the location of several lines; namely, the eastern line of a 500-acre survey of Andrew Justice and the lines of a 40-acre survey of Conley Justice, a 25-acre survey of Conley Justice, and the 35-acre tract which Conley Justice conveyed to F. A. Stratton under which Kentland claims.

The Chancellor fixed the easternmost line of the 500-acre survey so as to split the 65-acre Andrew Justice tract and adjudged to Kentland all minerals west of that line as covered by the 65-acre tract.

Kentland's claim to the land east of this line (thereby reaching the mining operations of Justice) is based on an attempt to show that: (1) The eastern line of the 500-acre survey was erroneously fixed by the Chancellor and should be located further east; or (2) even if the eastern line of the 500-acre survey is correct as fixed by the Chancellor, the deed Kentland holds under Conley Justice for 35 acres is the same as a 25-acre survey of 1882 and patent of 1883 in the name of Conley Justice, and for this reason should not be confined by a 40-acre survey of Conley Justice as the Chancellor adjudged.

The first argument of Kentland on the cross-appeal is that the eastern line of the 500-acre survey was erroneously fixed by the Chancellor and should have been located further east. Kentland contends that Conley Justice, his heirs, and Clayborne Justice had recognized by survey and conveyances the eastern line of the 500-acre survey as being further east than it is actually located. When Conley Justice made his survey in 1873, and his heirs made their

partition deeds in 1905, they covered lands which they believed extended to the eastern line of the 500-acre survey, and when, in fact, they did not reach the line by the calls in their deeds, it did not thereby effect a relocation of the line further to the east. The cases cited by Kentland are not in point because it is not shown that Andrew Justice and any of Kentland's predecessors in title had agreed upon this as the boundary line of the 500-acre survey.

The second argument of Kentland, however, is more persuasive and tends to show that the Chancellor was in error.

Since it has been concluded that the eastern line of the 500-acre survey is correctly shown, the proper location of the 35-acre tract determines Kentland's claim. The Chancellor confined the location of the 35-acre tract to the western line of the 40-acre survey and the southern line of the 25-acre survey. This location is clearly erroneous.

First, the Chancellor based his location upon the fact that the first deed to this 35-acre tract as contained in Kentland's petition failed to give all of the calls and, consequently, did not describe a tract of land. In so holding, the fact that the missing call had been supplied by the proof and by amendment to the pleadings was obviously overlooked.

Secondly, the Chancellor determined the location on the failure of the deed to the 35-acre tract to mention the 25-acre survey of 1882 and the patent of 1883, and for this reason, it could not be determined that the 35-acre tract and the 25-acre survey covered the same property. The record shows that the complete description in the deed calling for the 35-acre tract conveyed by Conley Justice to Stratton and the complete description of the 25-acre patent to Conley Justice are identical. There is no escaping the conclusion that the deed for the 35-acre tract under which Kentland claims and the 25-acre survey cover the same boundary of land. Ac-

cordingly, Kentland is entitled to the minerals situated within the bounds of the 35-acre tract that are east of the eastern line of the Andrew Justice 500-acre survey, and its title should be quieted as to that portion.

This will not affect the denial of an injunction as the mining activities of appellants are located south and east of the holdings of Kentland.

The judgment is affirmed on the appeal and reversed on the cross-appeal.